**GULF ARAB MEDIA—ARAB AMERICAN FILM COMPANY, a California partnership, Plaintiff-Appellant,**

v.

**The FAISAL FOUNDATION, etc., et al., Defendants-Appellees.**

No. 85–6570.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1987.

Decided March 2, 1987.

As Amended April 8, 1987.

---

Michael D. Fazio, Christopher Fairchild, Los Angeles, Cal., for plaintiff-appellant.

No counsel for appellee.

Before WALLACE, WIGGINS and KOZINSKI, Circuit Judges.

PER CURIAM:

Gulf Arab Media—Arab American Film Company (the film company) appeals from a judgment dismissing its tort and contract action. We have jurisdiction pursuant to 28 U.S.C. § 1296, and we affirm.

In 1982, the film company filed suit against a number of Saudi Arabian corporations and individuals, asserting several tort and contract claims. In 1983, the film company amended the complaint to include the Kingdom of Saudi Arabia (Kingdom) as a defendant. In November of 1985, the district court dismissed the action as to all defendants but the Kingdom for lack of prosecution and as to the Kingdom for inability to prove liability following entry of the Kingdom's default.

We review a dismissal for lack of prosecution for abuse of discretion. *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986). The originally named defendants were never served. There was no abuse of discretion in dismissing them for failure to prosecute.

The Kingdom was served pursuant to the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.*, which does not allow service for tort claims. Therefore, dismissal of all but count five against the Kingdom was proper as they sounded in tort.

The film company was originally given until May 24 to cure a deficiency in its complaint but received an extension until Octo-

ber 31, 1985. The district court denied both an application for an extension based on purported settlement negotiations and a subsequent motion for reconsideration. No abuse of discretion has been demonstrated.

The remaining issue before us is whether the district court should be reversed for finding, subsequent to default, that the film company failed to establish its "claim or right to relief by evidence satisfactory to the court," 28 U.S.C. § 1608(e), and therefore dismissing count five. We review the district court's finding for abuse of discretion. See 28 U.S.C. § 1608(e). In an order entered May 28, 1985, the district judge carefully analyzed the record and determined that the evidence was insufficient to prove a claim against the Kingdom. The film company failed to demonstrate that the district judge abused his discretion.

The film company contends that the declaration of Seifdien, the general manager of the film company, filed after the May 28, 1985, order, is sufficient proof of the Kingdom's liability. We disagree. Even though Seifdien's declaration is uncontested, the court need not accept her conclusory allegations regarding the agency authority of certain Saudi government officials and members of the Saudi royal family or the putative identity of the Saudi royal family with the Saudi state. Even if the court were to accept as true Seifdien's assertions, the film company still has not shown the existence of a binding contract. Seifdien's declaration explicitly states that "all of the individual projects must first have the blessing and approval of the Royal Family." There is no indication in the record before us that this precondition of obligation of the Saudi parties under this putative oral contract was ever met. The district court could, as we do, reject Seifdien's own self-serving gloss on this portion of the "oral contract," in which she equates it with the mere exercise of ultimate editorial control.

We therefore conclude that the district judge did not abuse his discretion in dismissing the fifth claim against the Kingdom because of the failure of the film company to meet its burden required by 28 U.S.C. § 1608(e).

AFFIRMED.