**James L. MURPHY, Plaintiff,**

v.

**The REPUBLIC OF PANAMA d/b/a Air Panama International, Defendant.**

No. 89–1122.

United States District Court, S.D. Florida.

Dec. 12, 1990.

Alan Dagen, Asst. U.S. Atty., Ft. Lauderdale, Fla., for defendant.

Howard Mazloff, Miami, Fla., for plaintiff.

James L. Murphy, pro se.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the plaintiff's Motion For Entry Of Default Judgment Against the Defendant. The defendant has not responded.

I. Summary

This is a suit by a *pro se* plaintiff against the Republic of Panama d/b/a as Air Panama International. In his lawsuit, the plaintiff seeks a refund of $680.00 from the defendant for unused airline tickets. Apparently, the tickets were destroyed prior to use. The plaintiff allegedly requested a refund from the defendant and claims that an agent of the defendant told him he was entitled to a refund. However, because of what allegedly was a "freeze" on Panama's funds, the plaintiff has been unable to obtain the promised refund.

Service was effected on May 2, 1990, and the defendant failed to answer or file a responsive pleading. The clerk entered a clerical default on July 31, 1990.

## II. Motion

■ The plaintiff has moved the Court to enter a default judgment against the defendant, granting the plaintiff the relief requested in his complaint. However, unlike the normal default scenario, the Foreign Sovereign Immunities Act of 1976, Pub.L. No. 94–583, 90 Stat. 2891 (1976), controls the entry of a default judgment against a foreign state, especially the provision codified at 28 U.S.C. § 1608(e). Significantly, § 1608(e) provides, in pertinent part:

> No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, *unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.* (emphasis added)

Thus, the plain language of the statute requires the court to make a finding that the plaintiff has established his claim or right to relief by evidence satisfactory to the Court before the Court may enter a default judgment against the foreign state defendant. A district court simply "cannot enter a default judgment automatically upon failure or refusal of a foreign sovereign to appear after being served as required by the Foreign Sovereign Immunities Act." *IAM v. OPEC*, 477 F.Supp. 553, 574 (C.D.Cal.1979), *aff'd*, 649 F.2d 1354 (9th Cir.1981), *cert. denied*, 454 U.S. 1163, 102 S.Ct. 1036, 71 L.Ed.2d 319 (1982). Without sufficient evidence, the language of the statute dictates the result: "No judgment by default shall be entered...." 28 U.S.C. § 1608(e).

The plaintiff merely has filed a complaint which outlines his allegations. There are no affidavits or exhibits to evidence the legitimacy of the claim. The plaintiff has not submitted any evidence which establishes that he is entitled to his claimed relief. Further, it appears that there are a number of questions of law which would have to be overcome before the plaintiff will have established his right to relief.

The United States Court of Appeals for the Ninth Circuit has construed 28 U.S.C. § 1608(e)'s evidentiary requirement. In *Gulf Arab Media–Arab American Film Co. v. Faisal Foundation*, 811 F.2d 1260 (9th Cir.), *amended*, 832 F.2d 132 (1987), the Ninth Circuit affirmed a district court's dismissal of a contract claim against a foreign state. The district court had dismissed the claim on the ground that the plaintiff failed to establish its "claim or right to relief by evidence satisfactory to the court." Beyond its complaint, the plaintiff only had submitted an uncontested declaration of the plaintiff's general manager. The court characterized the plaintiff's evidence as nothing but conclusory allegations and found it insufficient to show the existence of a binding contract. Without adequate evidence of a contract, the court refused to enter a default judgment against the foreign state.

■ Similarly, in the present action there is no evidence beyond the plaintiff's conclusory allegation in his complaint that a binding contract existed. Consequently, the court must deny the plaintiff's motion to enter a default judgment because the plaintiff has failed to make any evidentiary showing as required by § 1608(e). Although his motion will be denied, the plaintiff may file and serve a motion for summary judgment in which he will have the opportunity to produce evidence sufficient to establish that he is entitled to the relief he seeks. The amount of evidence necessary to satisfy the standard will remain within the discretion of this Court. *Faisal Foundation*, 811 F.2d at 1262. However, in light of the Ninth Circuit's opinion in *Faisal Foundation*, the plaintiff is reminded that he needs more than conclusory allegations to satisfy the evidentiary burden.

The Court has reviewed the motion and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the plaintiff's Motion For Entry of Default Judgment be and the same is hereby DE-

NIED. The plaintiff shall file a motion for summary judgment, accompanied by evidence sufficient to establish that he is entitled to the relief he seeks, within 60 calendar days from the date of this order. The plaintiff shall serve the motion by mail upon the Republic of Panama at the address provided below.

DONE AND ORDERED.