NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3430
_____

SALLAH HAMAMIN ABDULLA,
                                        Appellant

v.

THE EMBASSY OF IRAQ AT WASHINGTON DC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-02590)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2015

Before: AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed: March 2, 2015)
_____

OPINION*
_____

PER CURIAM

        Pro se litigant Sallah Abdulla appeals the District Court's dismissal of his

complaint alleging breach of contract by the government of Iraq.  For the reasons set

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

forth below, we will affirm the District Court's judgment.

Abdulla is a citizen of Iraq currently residing in Pennsylvania. According to the complaint, the Iraqi government granted him a scholarship in 2007 to pursue a Ph.D. in "Communication and Networks" at the University of Arkansas at Little Rock (UALR). Abdulla claimed that the government properly paid his tuition for one year, but that in April 2010, his funding was unjustly terminated.

In May 2012, Abdulla filed suit against Iraq for breach of contract in the Eastern District of Pennsylvania seeking $178,909.15 in damages. The District Court's docket indicates that service on Iraq was effected through its Embassy in Washington, DC in December 2012. Iraq did not answer the complaint. Abdulla moved for a default judgment under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1608(e). The District Court agreed that Iraq did not enjoy sovereign immunity in this instance, but concluded that the evidence Abdulla submitted did not support a default judgment under § 1608(e). Abdulla moved for reconsideration, which was denied. At that point, the District Court dismissed the case, and after a second unsuccessful attempt at reconsideration, Abdulla filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal under § 1608(e) for abuse of discretion. See Gulf Arab Media-Arab Am. Film Co. v. Faisal Found., 811 F.2d 1260, 1262 (9th Cir. 1987).

Under the FSIA, a foreign state is presumptively immune from the jurisdiction of United States courts, subject to certain enumerated exceptions. See 28 U.S.C. § 1604. In

2

a thoughtful and detailed analysis, the District Court determined that Abdulla's complaint fell under the "commercial activity" exception of the FSIA, an exception through which foreign states can be held liable for the type of actions by which private parties engage in "trade and traffic and commerce." Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 614 (1992). But to qualify for a default judgment under the Act, Abdulla needed to establish his right to relief by "evidence satisfactory to the court." See 28 U.S.C. § 1608(e). Among the evidence Abdulla submitted was his scholarship contract; his official UALR transcript; and a letter from Dr. Patrick Pellicane, the Dean of the Graduate School at UALR, to Dr. Hadi al-Khalili at the Cultural Office in the Iraqi Embassy. This letter advised Dr. al-Khalili that Abdulla had been dismissed from the Ph.D. program at UALR for academic reasons, effective February 12, 2010.

The District Court analyzed the evidence Abdulla submitted and found that it suggested his funding had been terminated as a result of his dismissal from UALR. Because the contract did not appear to require continued funding in the event of such a dismissal, the District Court determined that Abdulla had not proven a breach of contract with "evidence satisfactory to the court." In his motion for reconsideration and in his brief before this Court, Abdulla argued that his UALR transcript, which indicated that he was in good academic standing at the time his funding was terminated, should have been accorded greater weight. But as the District Court rightly reasoned, whether his dismissal was justified is beside the point. For the purposes of this complaint, the question is whether the scholarship contract bound Iraq to continue funding Abdulla after he had

3

been dismissed from the program. Considering the record before it, the District Court concluded that the contract did not require such continued funding, and that Abdulla had not demonstrated his right to relief with satisfactory evidence under § 1608(e). Neither the District Court's reasoning nor its conclusion represents an abuse of discretion. See Gulf Arab Media-Arab Am. Film, 811 F.2d at 1262. Accordingly, we will affirm the judgment of the District Court. See id.