779 F.2d 1421
 3 Fed.R.Serv.3d 1547
 Jeffrey B. HENDERSON, a single man, Plaintiff-Appellant,
v.
C. Russell DUNCAN, Chief of Department of Police and
Security of Arizona State University in his
official capacity and in his individual
capacity, Defendant-Appellee.
 No. 84-2708.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 16, 1985.
Decided Jan. 7, 1986.
 
 Robert F. Hughes, Phoenix, Ariz., for plaintiff-appellant.
 Charles W. Wirken, Killian, Legg, Nicholas, & Fischer, Mesa, Ariz., for defendant-appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before DUNIWAY, TANG, and FLETCHER, Circuit Judges.
 OPINION
 TANG, Circuit Judge:
 
 
 1
 After several explicit warnings, the district court dismissed this suit with prejudice upon the failure of plaintiff's counsel to submit a pretrial order in accordance with Local Rule 42(c) on or before the fourth extended due date. We affirm the dismissal.
 
 FACTS
 
 2
 Under Local Rule 42(c), District of Arizona, a proposed pretrial order must be submitted by the date fixed by the court and is to be made "upon the initiative of counsel for the plaintiff...." The parties were ordered originally to submit their order by August 28, 1983. In August 1983, because plaintiff's answers to interrogatories were insufficient to allow defendant to prepare for the pretrial filing, the district court extended the deadline for filing the Rule 42(c) order until December 30, 1983. The extension carried a warning that sanctions would be imposed if the order was not filed timely.
 
 
 3
 On the December 30, 1983 due date, plaintiff moved for another continuance in order to do further discovery. Rather than imposing sanctions at that time, the court ordered the parties to appear at a status hearing, and again warned that if the schedule was not adhered to, dismissal would be forthcoming. At the December 1983 status hearing, the court set both a discovery cutoff date (March 30, 1984) and an extended deadline for the filing of the Rule 42 statement (April 30, 1984). On April 17, 1984, the court granted a further extension for the Rule 42 filing because plaintiff had in the interim moved for summary judgment. The parties were then given 30 days from June 7, 1984 to complete their Rule 42 filing.
 
 
 4
 On the day before the filing was due, however, plaintiff requested an additional continuance. Judge Muecke granted this fourth continuance with an express warning that the case would be dismissed with prejudice if the Rule 42 filing was not made by July 26, 1984. Plaintiff promised opposing counsel a draft of the proposed order by July 13, but, no draft was received until July 23, three days before the due date. At 5:00 p.m. on July 26, the due date, plaintiff requested a fifth extension over the telephone from the district court; it was denied. In accordance with his warning, the district court dismissed the complaint with prejudice because the Rule 42 filing had never been made.
 
 DISCUSSION
 
 5
 The dismissal in this case is properly reviewed as a dismissal for failure to prosecute under Fed.R.Civ.P. 41(b). E.g., Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir.1981). The district court has the inherent power sua sponte to dismiss a case for lack of prosecution. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984) (citing Link v. Wabash R.R., 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) ). We reverse such a dismissal only upon a finding of an abuse of discretion. Id. at 495.
 
 
 6
 Henderson advances four major arguments in support of his claim that the district court abused its discretion: (1) dismissal is too harsh a sanction where counsel has not engaged in outrageous conduct and was trying to prepare the materials under the rules but was merely untimely; (2) no actual prejudice existed to the defendants in this case; (3) the relevant period of delay is not unreasonable, see Mir v. Fosburg, 706 F.2d 916 (9th Cir.1983); and (4) the district court failed to consider other alternatives which would have eliminated the severe penalty to the client in this case.
 
 
 7
 Dismissal is a harsh penalty and is to be imposed only in extreme circumstances. Raiford 640 F.2d at 945. The district court was required to weigh several factors in determining whether to dismiss this case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. Ash v. Cvetkov, 739 F.2d at 496; Mir v. Fosburg, 706 F.2d at 918.
 
 
 8
 A dismissal for lack of prosecution must be supported by a showing of unreasonable delay. Nealey v. Transportation Maritima Mexicana, S.A., 662 F.2d 1275, 1280 (9th Cir.1980). Unreasonable delay creates a presumption of injury to the defense. Ash, 739 F.2d at 496. In this area we give deference to the district court because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable. Id.
 
 
 9
 The district court did not make explicit findings to show that it considered the essential factors. Although specific findings would be beneficial as an aid to our review, the court is not required to make them. Id. We therefore review the record independently to determine whether the court abused its discretion. Id.
 
 
 10
 After reviewing the record, we conclude that the district court did not abuse its discretion in ordering Henderson's cause dismissed. The record reveals that plaintiff's counsel disregarded repeatedly the deadlines set by the district court. Although Henderson contends that counsel was actively attempting to prepare the statement, the history of counsel's actions in the district court forecloses any assumption that a new extension would be fruitful.[1]
 
 
 11
 Henderson's contention that the court failed to consider alternative measures is also meritless. The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives. Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir.1981). Here, the court first tried to warn counsel of the consequences of his continuing dilatory preparation. These warnings were crystal clear. Henderson's argument that the district court somehow lacked the power to make these warnings is meritless. The district court has the inherent power to issue orders containing warnings to insure compliance with court mandated schedules. Cf. Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Investment Corp., 711 F.2d 902 (9th Cir.1983) (warnings in discovery context).
 
 
 12
 After at least three initial warnings of possible dismissal, the court attempted to solve the problem by holding a status conference and establishing a schedule for discovery and preparation of the Rule 42(c) order. We recognize the preparation of such a schedule as a constructive intermediate step in dealing with dilatory practices. See Mir v. Fosburg, 706 F.2d at 919. At this conference session, the court again warned of dismissal before it took such action. We are satisfied that the court explored and used alternative measures before it used the final measure of dismissal.
 
 
 13
 Our holding is not contrary to our two previous cases of Raiford v. Pounds and Mir v. Fosburg. Our review of a dismissal for lack of prosecution necessarily depends on the facts of each case. States Steamship Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir.1970). In Raiford, we found the sanction of dismissal to be an abuse of discretion where the plaintiff failed to meet two filing deadlines, no prejudice was shown, and no alternatives of lesser severity were ever considered by the district court. 640 F.2d at 945. The facts of this case show that intermediate alternatives were both considered and implemented; Raiford, therefore, is inapplicable.
 
 
 14
 Henderson insists that Mir v. Fosburg limits this court's consideration of plaintiff's actions to the "period from July 10, 1984 to July 26, 1984," as the only relevant period of delay. We disagree. Mir v. Fosburg does not command that we review the record in a vacuum. The district court was in the best position to judge whether the seemingly short delay combined with the history of plaintiff's dilatory actions during the year in his court was producing an undue burden on the calendar. Ash, 739 F.2d at 496.
 
 
 15
 Henderson also maintains that Mir v. Fosburg requires a showing in the record of actual prejudice to defendants before the sanction of dismissal with prejudice may be implemented. See Mir, 706 F.2d at 918-919. The facts in Mir v. Fosburg are distinguishable. The conduct at issue in Mir was the plaintiff's failure to file any documents with the district court within a six month period. Id. at 918. Although the plaintiff in Mir had served an amended complaint on defendants and served updated answers to defendants' interrogatories to defendants, he had failed to file any of these documents with the court. In Mir, the district court dismissed the action with prejudice without any warnings to inform the plaintiff of the risks of his inaction. Id. at 919. In Mir, we suggested specifically that the court should have imposed a discovery and trial schedule, and that failure to comply with such a schedule without cause could be sufficient for the sanction of dismissal. Id.
 
 
 16
 In this case, although no specific showing of prejudice to defendants is made, the integrity of the district court is involved. In this case, the district court did warn explicitly of the consequences of counsel's dilatory behavior, and imposed a schedule for discovery and the filing of the pretrial order. Where counsel continues to disregard deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative. The record in this case reflects clearly that inordinate delay in the expeditious resolution of litigation, and prejudice to the court's need to manage its docket were being exacerbated by counsel's actions. On this record, therefore, we find no abuse of discretion in the district court's dismissal with prejudice.
 
 
 17
 We reject Henderson's additional assertions of error. He claims that suits dismissed under Local Rule 42(e), require a showing of bad faith, and that the district court erred in its dismissal. Although Local Rule 42(e) does seem to require a showing of bad faith, no such showing is required under the court's inherent power to dismiss for lack of prosecution under Fed.R.Civ.P. 41(b).
 
 
 18
 Finally, we reject Henderson's contention that his due process rights were violated because he was denied a hearing before the case was dismissed. Plaintiff did not in his motion nor at any time request a hearing before the district court on his motion to vacate order and motion to vacate judgment. We therefore do not reach this issue on appeal. See e.g. Frommhagen v. Klein, 456 F.2d 1391, 1395 (9th Cir.1972).
 
 The judgment of the district court is
 
 19
 AFFIRMED.
 
 FLETCHER, Circuit Judge, dissenting:
 
 20
 I would reverse. Plaintiff delivered his incomplete draft of the pretrial order to defendant's counsel on July 23, 1984, three working days before the deadline set by the court for the filing of the order (the close of business, July 26). Defense counsel returned the draft along with a draft of defense counsel's portion, also incomplete, on the evening of July 25. Counsel jointly worked to resolve differences and to complete missing portions on July 26. Both counsel recognized that work remained to be done, including completion of the framing of the issues and agreement on the admissibility of exhibits. Defense counsel refused to work longer as he was going on vacation the following day; the court, contacted by phone, refused a further extension. Neither defendant's nor plaintiff's portions of the pretrial order were fully complete. Nonetheless the court dismissed, thereby punishing plaintiff and rewarding defendant.
 
 
 21
 The court recited the factors that must be considered in determining whether to dismiss a case for lack of prosecution. However, its deliberations reflect more concern for tidy dispatch of cases than for fairness to the litigants. See Olympic Sports Products v. Universal Athletic Sales, 760 F.2d 910, 915 (9th Cir.1985). Where counsel share responsibility for timely filing, the court should be very careful to prevent one party's inaction or refusal to act prejudicing the other. See Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980) (per curiam) (finding abuse of discretion where court dismissed action with prejudice for lack of prosecution when both attorneys seemed "equally dilatory," and defense counsel had not requested the dismissal).
 
 
 22
 I do not condone plaintiff's counsel's conduct, but defendant was not prejudiced by the delay. Less severe sanctions were in order.
 
 
 
 [1]
 Henderson's argument that dismissal is unjust because he is prejudiced solely because of his counsel's errors has been rejected by the Supreme Court in Link v. Wabash Railroad, 370 U.S. at 633, 82 S.Ct. at 1390. Henderson was free to select the counsel of his choice. Id