942 F.2d 791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Daniel FRONEBERGER, Plaintiff-Appellant,
v.
BEST WESTERN/YELLOWSTONE MINE, Defendant-Appellee.
 No. 88-3503.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 29, 1991.
 
 Before BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Froneberger appeals pro se the district court's dismissal of his age discrimination complaint for failure to prosecute. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986), and reverse and remand.
 
 
 3
 The district court granted Froneberger leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). If a plaintiff is granted leave to proceed in forma pauperis, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(c). Rule 4(c) of the Federal Rules of Civil Procedure provides:
 
 
 4
 (B) A summons and complaint shall, at the request of the party seeking service ... be served by a United States marshal or deputy United States marshal, or by a person specially appointed by the court for that purpose, only--
 
 
 5
 (i) on behalf of a party authorized to proceed in forma pauperis pursuant to Title 28 U.S.C. § 1915....
 
 
 6
 The Rules of Procedures for the United States District Court for the District of Montana provide that issuance and service of process shall be in conformity with the Federal Rules of Civil Procedure. R.P.D.Mont. 210-1.
 
 
 7
 Here, Froneberger was granted leave to proceed in forma pauperis. Thus, he was entitled to service by the United States marshal. See Fed.R.Civ.P. 4(c)(B)(i). The district, however, court ordered Froneberger to serve the defendants with summonses and copies of the complaint and file returns of service. When Froneberger failed to file proper returns of service, the district court twice notified him that he was required to serve the complaint and file returns of service. When Froneberger still failed to file proper returns of service, the district court dismissed the action for failure to prosecute.
 
 
 8
 The district court did not explain why it required Froneberger to serve the summons and complaint after granting him leave to proceed in forma pauperis. Froneberger is entitled to service by the United States marshal under 28 U.S.C. § 1915(c). The district court erred in dismissing the action for failure to prosecute because Froneberger failed to file proper returns of service. See Henderson, 779 F.2d at 1423.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3