968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence S. KRAIN, M.D., Plaintiff-Appellant,
v.
Maria LINVILLE; Betty Linville; Herman Romm; Leonard B.
Levine, et al., Defendants-Appellees.
 No. 90-55257.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided July 15, 1992.
 
 1
 Before SNEED and D.W. NELSON, Circuit Judges, and WANGER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Lawrence S. Krain appeals the dismissal of this case, without prejudice, for failure to prosecute. We review for an abuse of discretion, Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 499 (9th Cir.1987), and affirm.[1]
 
 
 4
 On February 19, 1988, Krain filed this pro se action against a number of persons, some of whom are court officials. He asserted many causes of action, including a claim that the defendants had violated his civil rights in violation of 42 U.S.C. § 1983. The district court referred the case to a United States Magistrate.
 
 
 5
 Nothing happened until August 29, 1989, at which time the magistrate ordered Krain to show cause why he should not dismiss the case for failure to prosecute, as there was no proof on file that any of the defendants had been served a summons and complaint. By written order of September 14, 1989, the magistrate informed Krain that failure to provide proof of service, as required in Fed.R.Civ.P. 4(g), would result in dismissal. In a later written order, the magistrate gave Krain until October 31, 1989, to file the required proof.
 
 
 6
 Krain failed to meet the October 31 deadline. As a result, the magistrate recommended that the district court dismiss Krain's lawsuit without prejudice. The court followed that recommendation, and entered a judgment of dismissal without prejudice on December 19, 1989.
 
 
 7
 The district court should weigh five factors in exercising its discretion to dismiss for want of prosecution. These are: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the availability of less drastic sanctions; (4) the public policy favoring disposition of the case on the merits; and (5) the risk of prejudice to the defendants. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). Where, as here, a district court does not explicitly consider these factors, we independently may review the record to determine whether the dismissal was an abuse of discretion. See id. at 1424.
 
 
 8
 The first two factors weigh against Krain. For over 18 months, the court and the magistrate were unable to assess the progress of this case because Krain had not complied with Fed.R.Civ.P. 4(g). Moreover, there was no effort to show good cause why service had not been made as required by Fed.R.Civ.P. 4(j). The court was therefore impeded in its docket management, and the public at large suffered as a result. Factor three also militates against Krain. He was warned expressly that failure to comply with Rule 4(g) would result in dismissal. Finally, we may presume prejudice against the defendants under factor five by virtue of unreasonable delay. See id. Although it is true that this case may never be decided on the merits, factor four alone cannot outweigh the other factors which favor dismissal without prejudice. There was no abuse of discretion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Oliver W. Wanger, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have jurisdiction pursuant to 28 U.S.C. § 1291