990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Apolonio A. PASTRANA, Plaintiff-Appellant,
v.
Lawrence GARRETT, III, Secretary of the Navy, Defendant-Appellee.
 No. 92-36984.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 7, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Apolonio A. Pastrana appeals pro se the district court's denial of his motion for appointment of counsel and dismissal of his employment discrimination action for failure to prosecute. We have jurisdiction to review the district court's rulings under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Appointment of Counsel
 
 
 4
 We review a district court's denial of a motion for appointment of counsel for abuse of discretion. McElyea v. Babbitt, 833 F.2d 196, 199-200 (9th Cir.1987). In determining whether to appoint counsel in a Title VII case, a district court must consider several standards, one of which is whether the plaintiff's claims have merit. Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301, 1318 (9th Cir.1981). Here, the district court found that Pastrana's claims did not merit appointment of counsel. Pastrana has not demonstrated that his action has merit. Our review of the record has revealed that the district court did not abuse its discretion in denying Pastrana's motion for appointment of counsel.
 
 II
 Failure to Prosecute
 
 5
 We review a district court's dismissal of an action for failure to prosecute for abuse of discretion. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990). In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986) (citations omitted). The district court is not required to explicitly state how it weighed these factors. Id. at 1424. However, the district court must warn the plaintiff if dismissal is imminent, because dismissal is "the harshest available penalty." Johnson v. United States Dep't of the Treasury, 939 F.2d 820, 825 (9th Cir.1991).
 
 
 6
 Here, Pastrana failed to attend a pretrial conference set for November 23, 1992. In its December 2, 1992 order establishing December 9 as a second date for the pretrial conference, the district court warned Pastrana that his failure to appear at the December 9 pretrial conference would lead to dismissal of the case. Pastrana failed to attend the December 9 pretrial conference and offered no excuse for not attending. The district court gave Pastrana sufficient opportunity to prosecute his action as well as sufficient warning of dismissal. See Henderson, 779 F.2d at 1423.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Pastrana's motion for oral argument is denied. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3