# Supreme Court of the Navajo Nation

**Dan Jones, et al., Appellants,**
v.
**Marty Teller and Layne-Western Corporation, Appellees.**
**Decided August 26, 1993**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and HORSEMAN (sitting by designation), Associate Justices.

Albert Hale, Esq., Window Rock, Navajo Nation (Arizona), for the Appellants; and R. Thomas Daily, Esq., Farmington, New Mexico, for the Appellees.

Opinion delivered by Yazzie, Chief Justice.

The plaintiffs-appellants, Dan Jones, et al., appeal the Window Rock District Court's dismissal of a wrongful death and personal injury case. The district court dismissed the complaint because the appellants failed to comply with a court order compelling discovery and to prosecute in a timely manner. The appellants contend that the district court abused its discretion by dismissing the complaint. We disagree and affirm the district court's decision.

### I

On July 23, 1988, an automobile accident occurred on Navajo Route 15, 3 1/2 miles north of Lower Greasewood Trading Post, Lower Greasewood, Navajo Nation (Arizona). The appellants, Dan Jones and Victoria Jones, filed a complaint for the personal injuries they sustained from the accident and for the wrongful death of Dexter Jones and Descret Jones. Dan Jones is the surviving father of decedent Dexter Jones and Victoria Jones is the surviving spouse of decedent Descret Jones.

The defendant-appellee, Marty Teller, was the other driver involved in the automobile accident. It is not clear whether the other defendant, Layne-Western Corporation, was ever properly served in this suit.

The complaint was filed on September 13, 1989. An answer was filed on June 19, 1990. The docket sheet shows that on June 21, 1991 the district court warned the appellants that their case would be dismissed for failure to prosecute, unless they showed good cause why the case should proceed. The first pre-trial conference took place on December 2, 1991, and the parties stated that a "list of wit-

nesses, interrogatories, request for production, request for admissions and depositions" were pending. The pre-trial conference report indicates that February 28, 1991 was the deadline to complete all discovery.

On March 6, 1992, the appellee moved for dismissal of the suit citing the appellants' failure to prosecute. Three days later the second pre-trial conference took place and the record indicates that discovery still had not taken place. The motion for dismissal was denied on May 5, 1992.

On June 2, 1992, a notice of the trial for August 19, 1992 was sent to both parties. On June 23, 1992, the appellee's request for production of documents and interrogatories was sent to the appellants. On July 29, 1992, the appellee filed his second motion to dismiss, again citing the appellants' failure to prosecute, and to comply with the request for documents and interrogatories.

On August 12, 1992, the district court denied the appellee's second motion to dismiss. On August 17, 1992, the court granted the appellants' motion for continuance of the trial and rescheduled it for December 9, 1992.

On October 12, 1992, the district court issued an order to the appellants compelling them to answer the interrogatories sent to them on June 23, 1992. The order stated as follows:

> IT IS ORDERED that on or before the 30th day of October, 1992, the Plaintiffs shall provide full and complete answers to interrogatories propounded upon them on June 23. IT IS FURTHER ORDERED that Plaintiffs' failure to answer the interrogatories shall be deemed an admission that their case is without merit and an order dismissing their case shall issue thereafter.

The Navajo Nation courts were closed on October 30, 1992, so the appellants filed a certificate of service of the interrogatories with the district court on November 2, 1992. They assert that they served the answers on the appellee on November 2, 1992, but the appellee's affidavit states that the postmark on the envelope shows service on November 4, 1992. The record shows that the answers to fourteen questions propounded did not conform to the specific instructions of the order. Some of the questions were either not answered at all or only partially answered. On November 4, 1992, the appellee filed his third motion to dismiss for the appellants' failure to comply with the court order compelling discovery and for failure to prosecute in a timely manner.

On December 3, 1992, the district court dismissed the appellants' complaint for failure to comply with the order compelling discovery and for failure to prosecute. The appellants appeal that order.

## II

Two questions arise from this appeal: 1) whether the district court abused its discretion when it dismissed the appellants' complaint for failure to comply with the October 12, 1992 court order compelling discovery; and 2) whether the district court abused its discretion when it dismissed the complaint for failure to

prosecute. An answer in the negative to either question is sufficient to support affirmance of the district court's dismissal.

## III

A trial court judge has the discretion to impose sanctions, including entry of judgment or dismissal of a complaint, for a party's failure to obey discovery orders. *Chavez v. Tome*, 5 Nav. R. 183 (1987) (citing *Four Corners Auto Sales v. Begay*, 4 Nav. R. 100 (1983)); *See*, Nav. R. Civ. P. 37(b) (2) (C). In *Chavez*, the issue was whether the trial judge was correct in defaulting the defendant for his failure to comply with court orders to produce information at a deposition. This court upheld the trial court's sanction.

Furthermore, in cases involving trial court discretion, we will not overturn a trial court's decision unless it clearly abused its discretion. *Benally v. Navajo Housing Authority*, 3 Nav. R. 55 (1981). In *Benally*, we said, "[t]his court will not overturn decisions based upon the use of judicial discretion unless it clearly appears in the record the discretion was abused." *Id.* at 56. A judge has abused discretion when his or her conduct is "so unreasonable as to be classified as capricious and arbitrary...." *In the Matter of Summary Contempt of: Tuchawena*, 2 Nav. R. 85, 89 (1979).

A trial court judge has wide discretion because thousands of cases go through the Navajo Nation court system annually.[1] A judge must be able to control and manage the court docket to ensure that cases move in a timely and orderly fashion. *Chavez*, 5 Nav. R. at 188. The litigants must also be assured that their cases will be resolved within a reasonable time.

The trial court has the discretion to dismiss a plaintiff's complaint if the plaintiff disobeys an order compelling discovery. On appeal that discretion will be reviewed for clear abuse. Our review of the entire record shows that the district court did not abuse its discretion when it dismissed the appellants' complaint for failure to comply with the discovery order.

Foremost is the court's October 12, 1992 order compelling discovery. That order explicitly warned the appellants that noncompliance with the order directing "full and complete" answers to all interrogatories by October 30, 1992, would result in dismissal. The appellants failed to heed that warning. First, they failed to file complete answers to all interrogatories on or before November 2, 1992. Second, some of the answers to the interrogatories were either incomplete or not answered at all. In fact, appellants admit in their brief that fourteen of the sixty-four interrogatories were either not answered or were only partially answered. Third, the appellants had over four months to answer the questions. The appellants' failure to comply, by filing incomplete answers, is sufficient to uphold the district court's dismissal. The appellants, however, present excuses

1. In Fiscal Year 1993, there was a caseload of 90,718 matters: 42,739 cases brought forward; 47,979 cases filed; 73,774 cases closed; and 16,944 cases carried forward into Fiscal Year 1994. *Navajo Nation Judicial Branch Annual Report* at 26 (Fiscal Year 1993).

which are dealt with below.

The appellants' counsel claims for the first time on appeal that his inability to communicate with his clients, because they lacked a telephone, resulted in the failure to completely answer all the interrogatories. Additionally, appellants' counsel claims that when his clients did come to his office, he was not there because they did not notify him in advance. A reasonable, diligent counsel under the circumstances would have informed his staff of the situation. In this case, counsel could have arranged for his staff to conduct important office business when he was away from the office and clients arrived unexpectedly. Serious effort on the part of the appellants was necessary, because they were under a threat of dismissal if they failed to provide full discovery by a specified date.

Further, if counsel had informed the district court of his alleged inability to contact his clients before the October 12, 1992 court order was issued, the court may have given deference to his dilemma. We note also that clients are equally responsible to assist and cooperate with counsel, especially when they know their suit involves a monetary claim. The counsel's alleged inability to communicate with his clients was not created by the court; thus, it cannot support reversal of the court's order.

The appellants contend that "[d]ismissal of the complaint is a drastic remedy." They claim that a motion to compel answers to those interrogatories identified by the appellee as unanswered, or not completely answered, should have been filed and the court should have ordered them to answer them instead of dismissing their complaint.

We are not persuaded by this argument. This case has a history of delays due to appellants' inactivity. The suit was filed on September 13, 1988. The trial court record shows that over the next three years the appellants failed to initiate discovery, comply with discovery, or otherwise move their case along.

The court granted numerous opportunities for the appellants to compete discovery. For example, the district court held two pre-trial conferences — on December 2, 1991 and on March 9, 1992 — and they addressed discovery. In both instances the notice of the pre-trial conference issued by the court stated, "[a]s Counsel of Record, you, and each of you, are required to notify your clients and be present at the time set with such evidence and witnesses as may be necessary for the hearing of said cause of action." Despite the clarity of these notices, the appellants failed to provide information regarding witnesses and evidence. That led to the appellee's two motions for dismissal citing appellants' failure to prosecute, which were filed on March 6, 1992 and on July 29, 1992. The district court was more than patient with the appellants over the course of three years.

Finally, the appellants had over four months to answer the interrogatories (June 23, 1992 to October 30, 1992). Four months is a reasonable time for the appellants to completely answer the interrogatories. It is impossible to find an abuse of discretion under that set of facts.

# IV

The district court's procedural record shows inactivity for extended periods of time. Eighteen months elapsed from the date the answer was filed to the first pre-trial conference. Within those eighteen months, the record shows that discovery had not taken place and a second pre-trial conference was necessary. The second pre-trial conference report, dated March 9, 1992, states that discovery was still pending.

The plaintiff has the responsibility to move the case to trial, under penalty of dismissal. The Navajo Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute ... a defendant may move for dismissal of an action or of any claim against him." Nav. R. Civ. P. 39(b). The appellee was right to seek dismissal of appellants' complaint for inactivity.

Under facts similar to this case, the Ninth Circuit upheld a federal district court's dismissal of a case for failure to prosecute. *Henderson v. Duncan,* 779 F.2d 1421 (9th Cir. 1986). The appellate court weighed several factors in deciding whether the district court abused its discretionary powers when it dismissed the case for failure to prosecute. The court considered the following:

> 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions.

*Id.* at 1423. The Henderson court reasoned that numbers 1 and 2 were applicable, and stated that, "the inordinate delay in the expeditious resolution of litigation, and prejudice to the court's need to manage its docket were being exacerbated by counsel's actions." *Id.* at 1425. It held that the lower court did not abuse its discretion when it dismissed plaintiff's complaint. *Id.* at 1425.

The reasoning of the *Henderson* opinion is applicable to this case. This case has been on the docket for over three years. The extended periods of appellants' inactivity "deprive[d] other litigants in other cases of scarce judicial resources." *Chavez,* 5 Nav. R. at 188.

In light of judicial economy and the necessity of the trial judge to manage and control the court docket, we hold that the district court did not abuse its discretion when it dismissed appellants' complaint for failure to prosecute in a timely manner.

For the foregoing reasons, the decision of the district court is AFFIRMED.