103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Virgil ANTONOV, Costanta Antonov, Plaintiffs-Appellants,
and
Alexander Antonov, Plaintiff,
v.
COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC SOCIAL SERVICES,
Defendant-Appellee.
 No. 95-56681.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Virgil Antonov, his wife Costanta, and their minor child, Alexander, appeal pro se the district court's dismissal for lack of prosecution of their civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's dismissal for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).
 
 
 4
 The district court should weigh several factors when determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Id. If the district court does not make explicitly findings with regard to these factors, as here, we review the record independently to determine whether the court abused its discretion. See id. at 1424.
 
 
 5
 Here, the County of Los Angeles, Department of Public Social Services ("County") filed a motion to dismiss on January 31, 1995, based upon insufficiency of process and insufficiency of service of process pursuant to the Fed.R.Civ.P. 12(b)(4)-(5). On March 22, 1995, the district court granted the County's motion to dismiss the complaint without prejudice and allowed the Antonovs to file a first amended complaint no later than April 28, 1995. On August 22, 1995, the district court noted that the Antonovs had not filed an amended complaint and warned that the action would be dismissed if the Antonovs did not file a complaint by September 22, 1995. On September 12, 1995, the district court directed the clerk to return documents submitted by the Antonovs on September 7, 1995, which set forth amendments to the original complaint. The district court ordered the Antonovs to file a completely new document with all amendments incorporated in the document no later than September 22, 1995, or the action would be dismissed. The Antonovs did not file an amended complaint. On October 5, 1995, the court dismissed the action without prejudice, for want of prosecution.
 
 
 6
 The record thus reveals that the district court considered alternative measures to dismissal by extending the deadline for the Antonovs to file an amended complaint and by warning the Antonovs that their action would be dismissed if they failed to comply with the deadlines. See id. We defer to the district court's determination of what period of delay can be endured before its docket becomes unmanageable. See id. at 1423. After reviewing the record, we conclude that the district court did not abuse its discretion in ordering the Antonov's cause dismissed. See id. at 1424.
 
 
 7
 We decline to consider the Antonovs' contentions, raised for the first time on appeal, that they were unable to file an amended complaint due to the County's alleged misconduct. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985). The Antonovs should have raised their allegations of misconduct in a Fed.R.Civ.P. 60(b)(3) motion within one year of the judgment. Cf. Vincent v. Trend W. Technical Corp., 828 F.2d 563, 570 (9th Cir.1987). The Antonovs' contention that the district court was biased in favor of the County based on the district court's rulings in favor of the County lacks merit. See Liteky v. United States, 114 S.Ct. 1147, 1157 (1994) ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion."); Poland v. Stewart, 92 F.3d 881, 891 (9th Cir.1996).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3