116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Zhanjun LUO, a/k/a/ Stephen LAW, a/k/a Zhan J. Luo,
a/k/a Stephen Luo, Debtor,
Shong-Ching TONG, Plaintiff-Appellant,
v.
Zhanjun LUO, a/k/a Stephen Law, a/k/a Zhan J. Luo, a/k/a
Stephen Luo, Defendant-Appellee.
 No. 96-56125.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Central District of California; Mariana R. Pfaelzer, District Judge, Presiding.
 MEMORANDUM*
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 Shong-Ching Tong appeals pro se the district court's dismissal for failure to prosecute of his appeal from the bankruptcy court's decision in his adversary proceeding. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion, see Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986), and we affirm.
 
 
 2
 Here, the district court sua sponte dismissed Tong's appeal pursuant to a local bankruptcy court rule because Tong waited forty-nine days to designate the record on appeal, to file a statement of issues, and to file a notice of transcripts. See Fed. R. Bankr.P. 8006 (providing that the appellant must file a designation of the items to be included in the record on appeal and a statement of the issues to be presented within 10 days after filing the notice of appeal); C.D. Cal. Bankr.Ct. R. 157(2) (providing that "[w]hen an appellant fails ... to comply with rules requiring processing the appeal to hearing, the District Court clerk, after notice, shall enter an order dismissing the appeal). After reviewing the record in this case, we conclude that the district court did not abuse its discretion. See Henderson, 779 F.2d at 1423.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. Accordingly, Tong's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lou's request for sanctions under Fed. R.App. P. 38 is denied without prejudice because he failed to file a separate motion requesting sanctions as required under Rule 38. See Fed. R.App. P. 38