CLOVERDALE RANCHERIA OF POMO INDIANS OF CALIFORNIA; Jefferey Alan–Wilson, Sr., Plaintiffs—Appellants,

and

The Tribal Council, Plaintiff,

v.

UNITED STATES of America; United States Department of the Interior; Bruce Babbitt, Secretary of the Department of the Interior; Bureau of Indian Affairs; Ronald M. Jaeger; Interior Board of Indian Appeals; John Santana; Interim Tribal Council, Defendants—Appellees,

June 1 Council of Cloverdale Rancheria, Defendant-intervenor—Appellee.

No. 99–17425.

D.C. No. CV–96–01037–CW.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2001.*

Decided Dec. 27, 2001.

Before KOZINSKI, RYMER and SILVERMAN, Circuit Judges.

**MEMORANDUM** **

1. We agree with the district court that Wilson's second amended complaint was insufficiently specific: The complaint did not identify adequately the portions of the

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-

cation and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Interior Board of Indian Appeals orders that allegedly violated the Administrative Procedure Act, did not indicate whether the alleged violations resulted from factual errors, from the application of an erroneous legal standard or from the Board exceeding its authority, and did not specify the relief sought. The district court's order directing Wilson to file a more specific complaint provided instructions for doing so and warned that a failure to comply may result in dismissal. Because Wilson failed to comply with this order, the district court had discretion to dismiss his complaint. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir.1996). In exercising this discretion, the district court complied with its duty to consider whether dismissal was an appropriate sanction under the five-factor test of *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Having conducted an independent review, we conclude that the district court's dismissal of Wilson's complaint was not an abuse of discretion.

2. Although the notice of appeal listed both Wilson and the Cloverdale Rancheria of Pomo Indians of California as appellants, it was signed only by Wilson, a non-attorney. Because the notice of appeal "must be signed by the party or the party's attorney," *McKinney v. De Bord*, 507 F.2d 501, 503 (9th Cir.1974) (citing Fed. R.Civ.P. 11), the Cloverdale Rancheria is not a party to this appeal.[1]

**AFFIRMED.[2]**

---

1. The June 1 Council's Objection to Entry of Appearance of Counsel, filed on July 11, 2000, is therefore **DENIED AS MOOT**.

2. Also pending before us is Wilson's Request for Judicial Notice, filed on June 2, 2000. Because the documents attached to this re-

quest are irrelevant to the issue on appeal, the request is **DENIED**.