**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SIMON NAVEL CALDERON, an
individual,
          *Plaintiff-Appellant,*

               v.

IBEW LOCAL 47, a union;
SOUTHERN CALIFORNIA EDISON
COMPANY, a corporation,
          *Defendants-Appellees.*

No. 05-56937

D.C. No.
CV-05-05773-R

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted
October 18, 2007—Pasadena, California

Filed November 13, 2007

Before: Alex Kozinski, A. Wallace Tashima and
M. Margaret McKeown, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Stanley R. Raskin, Law Offices of Stanley R. Raskin, Torrance, California, for the plaintiff-appellant.

Ellen Greenstone and Glenn Rothner, Rothner, Segall & Greenstone, Pasadena, California, for defendant-appellee IBEW Local 47.

## OPINION

PER CURIAM:

Calderon filed a complaint against IBEW Local 47 (IBEW) and Southern California Edison Co. (Edison) on August 8, 2005. Calderon served IBEW, but initially failed to serve Edison. On November 3, the district court issued an order to show cause "why [the] action should not be dismissed for failure of plaintiff to file proof of service." Notice of the show cause hearing was sent to the parties only via email, but Calderon's counsel didn't check his email regularly. As a result, he did not see the notice, and he failed to show up at the hearing. The district judge promptly dismissed the case for lack of prosecution. After learning that the case had been dismissed, Calderon served Edison. Calderon then moved to vacate the dismissal. The district judge denied the motion without argument, so plaintiff came to us for relief.

We review for abuse of discretion, *Yourish* v. *Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), and find it here. The district court's dismissal of the complaint was based entirely on counsel's failure to attend the show cause hearing; it was not based on plaintiff's failure to serve the complaint on Edison in a timely fashion, nor could it be, as the time for service had not yet expired. *See* Fed. R. Civ. P. 4(m) (120 days to serve complaint). While failure to attend a scheduled hearing may justify the imposition of *some* sanction on the attorney and perhaps even the client, we doubt that the drastic remedy of dismissal could be justified by a single such event. *See Henderson* v. *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

**[1]** We need not consider the question, however, because there is a far more fundamental problem here: Plaintiff's counsel was not given proper notice of the show cause hearing. Counsel was notified only by email, yet the rules did not authorize service by electronic means, except where the judge specifically designated the case as part of the District's experimental electronic filing program. *See* C.D. Cal. R. 5-4; C.D. Cal. Gen. Ord. 05-01 § III.A (Jan. 18, 2005). There is no indication that this case was part of that experimental program, so service was governed by Fed. R. Civ. P. 5, which specifies that service may be made by electronic means only if the party served consents thereto. Fed. R. Civ. P. 5(b)(2)(D). There is no evidence that Calderon or his lawyer consented to electronic service.

**[2]** Where the rules do not authorize service by email, counsel has no obligation to check his email on a regular basis for possible orders from the court. He is entitled to assume that orders will be served by mail. When the rules change, so as to make electronic notice sufficient, counsel will then be on notice that they need to check their emails just as carefully as they now check their regular mail. Because plaintiff's counsel was not on notice that orders would be served by email, he can't be deemed to have received notice of the show cause hearing. Neither he nor his client may be sanctioned for his failure to attend the hearing.

The district judge's unseemly haste in dismissing this case, and his failure to heed the perfectly plausible (and meritorious) explanation proffered by plaintiff in his motion for reconsideration, has cost the parties significant money and delay in pursuing this wholly unnecessary appeal. Justice suffers when judges act in such an arbitrary fashion. We apologize to the parties and admonish the district judge to exercise more care and patience in the future.

**REVERSED AND REMANDED.**