**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FIRST MAGNUS FINANCIAL
CORPORATION,

Plaintiff - Appellant,

v.

TYSON RONDEAU, et al.,

Defendants - Appellees.

No. 09-17845

D.C. No. 2:07-cv-00132

MEMORANDUM[*]

Appeal from the United States District Court
for Nevada, Las Vegas
James C. Mahan, District Judge, Presiding

Argued and Submitted May 10, 2011
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and MARBLEY, District Judge.[**]

Because the parties are familiar with the factual and procedural history of

this case, we do not recount additional facts except as necessary to explain the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

decision.  We have jurisdiction under 28 U.S.C. § 1291. We remand to the district court to conduct a *Henderson* factor-based analysis to determine whether the Appellant's case should be dismissed pursuant to Rule 41(b).  *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

By not applying the *Henderson* factors, the district court abused its discretion in granting the Appellees' motion to dismiss the Appellant's complaint pursuant to Rule 41(b). Because the Appellant in this case was managing parallel bankruptcy proceedings in Arizona, some delay in filing a Second Amended Complaint is reasonable. Further, the district court did not include a date by which it expected the Second Amended Complaint to be filed when it granted the Appellant leave to amend. With these considerations in mind, the district court should have properly weighed all of the *Henderson* factors before exercising its discretion to dismiss the Appellant's action. These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423. Upon  remand, therefore, the district court should analyze whether the five *Henderson* factors weigh in favor of

dismissal when deciding whether to grant the Appellees' motion to dismiss brought pursuant to Rule 41(b).

**REVERSED AND REMANDED.**