**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELMO FIGURA TORREFRANCA, | No. 10-17693 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01527-PGR |
| v. | |
| CHARLES L. RYAN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Delmo Figura Torrefranca, an Arizona state prisoner, appeals pro se from

district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action

alleging constitutional violations by various prison officials.  We have jurisdiction

under 28 U.S.C. § 1291.  We review for an abuse of discretion a dismissal for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

failure to prosecute under Fed. R. Civ. P. 41(b). *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1991). We affirm.

The district court did not abuse its discretion by dismissing Torrefranca's action without prejudice for failure to prosecute because Torrefranca failed to serve the two defendants that survived the court's screening under 28 U.S.C. § 1915A. *See* Fed. R. Civ. P. 41(b); *see also Henderson*, 779 F.2d at 1423 (listing factors to guide the court's decision whether to dismiss under Rule 41(b)); *see also* Fed. R. Civ. P. 4(m).

Because we affirm the district court's dismissal under Rule 41(b), we do not consider Torrefranca's challenges to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (after dismissal for failure to prosecute, interlocutory orders are not appealable whether or not failure to prosecute was purposeful).

Torrefranca's remaining contentions are unpersuasive.

**AFFIRMED.**