**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTORIA MOLINA, an individual, AKA Vicky Molina; et al., <br><br> Plaintiffs, <br><br> And <br><br> BENJAMIN ANDREZ LOMELI, an individual, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> COUNTY OF LOS ANGELES, a public entity; et al., <br><br> Defendants - Appellees. | No. 12-55599 <br><br> D.C. No. 2:10-cv-09963-ODW-CW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted November 7, 2013
Pasadena, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff-Appellant, Benjamin Andrez Lomeli, appeals the district court's dismissal of his suit for failure to prosecute. We reverse and remand.

Lomeli brought suit under 42 U.S.C. § 1983 and demanded a jury trial. The court ordered the parties to file certain pretrial documents, including both parties' proposed jury instructions and a set of joint jury instructions, by March 5, 2012. As of March 12, 2012, Lomeli had not filed his proposed jury instructions or the proposed pretrial order, and joint jury instructions had not been filed. Lomeli also failed timely to respond to the district court's order to show cause.

At a hearing on March 12, 2012, Lomeli's counsel informed the district court that Lomeli would be willing to waive jury trial in light of his failure to file jury instructions. Rather than accepting this waiver, the district court dismissed the action for failure to prosecute under Federal Rule of Civil Procedure 41(b). In dismissing the action, the district court abused its discretion.

The district court did not consider any of the five factors that must be weighed before using dismissal as a sanction: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In view of the availability of less drastic

2

sanctions that would have allowed the trial court to proceed as scheduled, we conclude that none of the five factors supported the dismissal.

Less punitive measures included a refusal to allow Lomeli to file proposed jury instructions and a consideration of only the defendants' proposed jury instructions, while allowing Lomeli leave to object to the defendants' proposed jury instructions.

Accordingly, we remand with instructions to reinstate the action.

**REVERSED and REMANDED**.