**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD NOONER and PAMELA
NOONER,

          Plaintiffs - Appellants,

  v.

EL DORADO UNION HIGH SCHOOL
DISTRICT and PONDEROSA HIGH
SCHOOL BRUIN DEN FOOTBALL
AND CHEER BOOSTER CLUB,

         Defendants,

  And

CHRISTOPHER MOORE; et al.,

         Defendants - Appellees.

No. 12-17155

D.C. No. 2:11-cv-02367-KJM-
JFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted May 16, 2014[]
San Francisco, California

Before: SILVERMAN and GOULD, Circuit Judges, and LEMELLE, District Judge.[***]

Appellants Ronald and Pamela Nooner appeal the district court's sua sponte dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). We have jurisdiction under 28 U.S.C. §1291 and we affirm.

Appellants brought 28 U.S.C. §§ 1983 and 1985 claims against El Dorado Union High School District, Ponderosa High School Bruin Den Football and Cheer Booster Club, and various school district officials in their individual capacities. Appellants alleged that those parties worked in concert to retaliate against them in violation of their First Amendment rights by denying their formal request that their sons be transferred to another high school. After Appellants failed to oppose a duly noticed motion to dismiss in violation of Eastern District of California Local Rule 230(c), the court ordered them to show cause as to why the action should not be dismissed for failure to prosecute. Appellants' counsel timely responded, placing the blame on himself, and the court sanctioned him with a fine. Roughly a month

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

2

later, the court issued a second show cause order directing Appellants to address whether the school district should be dismissed based on Eleventh Amendment immunity. Appellants failed to respond to that order and the court dismissed the school district and ordered Appellants' counsel to show cause why he should not be fined $500 for "failing to comply with the court's show cause order after previously being cautioned regarding his negligence in complying with the local rules." Counsel did not respond to that order and the court sanctioned him accordingly. Counsel's final affront to the judicial process occurred when he failed to appear at a hearing without notifying the court in violation of Eastern District of California Local Rule 230(i), and the court dismissed Appellants' claims with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). This timely appeal followed.

We review dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) for abuse of discretion. *Lal v. California*, 610 F.3d 518, 523 (9th Cir. 2010). Whether dismissal for failure to prosecute is proper depends on several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423

3

(9th Cir. 1986). In light of those factors, four of which support dismissal, we conclude that dismissal was proper. Appellants were warned several times that non-responsiveness and failure to comply with local rules would lead to sanctions, including dismissal. Despite these warnings and the imposition of several lesser sanctions, Appellants persisted in non-compliance. Dismissal was well within the court's discretion.

**AFFIRMED**.