**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NAMIT BHATNAGAR,

          Plaintiff-Appellant,

v.

MEDCO HEALTH, LLC,

          Defendant-Appellee.

No.   11-17152

D.C. No. 2:11-cv-00914-PMP-LRL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada,
Philip M. Pro, District Judge, Presiding

Argued and Submitted May 11, 2017
Pasadena, California

Before:  O'SCANNLAIN and OWENS, Circuit Judges, and CHRISTENSEN,[**] Chief District Judge.

      Plaintiff-Appellant Namit Bhatnagar (Bhatnagar) appeals the district court's

order granting Defendant-Appellee Medco Health, LLC's (Medco) motion to

dismiss.  On appeal, Bhatnagar argues that the district court erroneously concluded

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

that it had subject matter jurisdiction over this action and, even if it did have jurisdiction, it abused its discretion in granting Medco's motion to dismiss.[1] Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in determining that it had subject matter jurisdiction. We review a district court's determination of subject matter jurisdiction de novo. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). Bhatnagar argues that the district court lacked jurisdiction because it erroneously concluded that the claims raised in his complaint are preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The district court determined that preemption is proper because Bhatnagar's claims, and in particular his breach of contract claim, would require interpretation of either the 1997 or 2007 collective bargaining agreements which covered Bhatnagar's employment. This was not error.

Section 301 is "a jurisdictional statute, under which '[s]uits for violation of contracts between an employer and a labor organization representing employees in

_____

[1] On September 13, 2012, this Court remanded for the limited purpose of allowing the district court to determine whether it had subject matter jurisdiction over this matter. This remand was the result of factual issues raised by Bhatnagar which implicated the district court's subject matter jurisdiction. On remand, the district court subsequently determined that it had subject matter jurisdiction.

an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties.'" *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc) (quoting 29 U.S.C. § 185(a)). Consequently, state contract claims that require interpretation and enforcement of a collective bargaining agreement are preempted by section 301. *Id.* (citing *Local 174, Teamsters of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962)). This preemption extends to "claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (quoting *Electrical Workers v. Hechler*, 481 U.S. 851, 859 n.3 (1987)).

The district court correctly determined that Bhatnagar's claims were substantially dependent on either the 1997 or the 2007 collective bargaining agreements which covered his employment. Bhatnagar's argument that he lacked access to the grievance process mandated in the collective bargaining agreements is not supported by the record. Therefore, Bhatnagar's reliance on *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 998 n.2 (9th Cir. 1987), and *Price v.*

*Georgia-Pacific Corp.*, 99 F. Supp. 2d 1162, 1166-68 (N.D. Cal. 2000), is misplaced.

2.  The district court did not abuse its discretion by granting Medco's motion to dismiss and denying Bhatnagar's motion for reconsideration.  We review a dismissal of a case for failure to prosecute for an abuse of discretion.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  Similarly, a district court's denial of a motion for reconsideration is reviewed for an abuse of discretion.  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

The district court did not abuse its discretion by granting the motion to dismiss because Bhatnagar failed to file a response despite being on notice that a dispositive motion had been filed and that he was required to file a timely response.  Similarly, the district court did not abuse its discretion by denying the motion to reconsider, even if Bhatnagar never received the district court's June 20, 2011 minute order informing him that a dispositive motion had been filed.  As indicated in his motion to reconsider, Bhatnagar states he had received the motion to dismiss and was aware that it was a dispositive motion that required a timely response.  Thus, he received notice that the motion was filed and he had an

opportunity to respond.  Under these circumstances, we cannot say the district court abused its discretion.

**AFFIRMED.**