NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KOFI OBENG-AMPONSAH, | No. 19-55476 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-01054-R-AFM |
| v. | |
| TIM GENOVESE, as an individual; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding[**]

Submitted June 2, 2020[***]

Before: LEAVY, PAEZ, and BENNETT, Circuit Judges.

Kofi Obeng-Amponsah appeals pro se from the district court's judgment

dismissing his action alleging race discrimination under the Fair Housing Act and

other federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The judgment on appeal was entered by District Judge Manuel L. Real, who passed away prior to the notice of appeal being filed.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion a dismissal pursuant to Federal Rule of Civil Procedure 41(b). *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). We reverse and remand.

The district court sua sponte dismissed Obeng-Amponsah's action as a sanction eight days after the amended complaint was due. However, the district court failed to consider less drastic alternatives to dismissal with prejudice and failed to warn Obeng-Amponsah that the action would be dismissed if he failed to comply with the court's order. *See id.* at 1260 (dismissal with prejudice under Rule 41(b) "is a harsh penalty and ... should only be imposed in extreme circumstances"); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."); *see also Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent.") Accordingly, we reverse the judgment and remand with instructions to reinstate the action and accept Obeng-Amponsah's second amended complaint for filing.

**REVERSED and REMANDED.**