64 F.3d 668
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Richard C. WERREN, Sr., an individual Debtor,
Susanna WERREN; Richard Werren Motors, Inc., a California
corporation; Richard Werren, Sr., Plaintiffs/Appellants,
v.
ROYAL TRUSTCO LTD., and its subsidiary Royal Trust Bank
(Switzerland); Commonwealth Land Title Insurance Company;
James C. Bearden; Benjamin Tunnell, Inc.; Bruce S.
Schildkraut; Pillsbury, Madison & Sutro; Gentra Inc.;
Gentra Capital Corp., Defendants/Appellees.
 No. 94-55646.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 3, 1995.*
Submission Deferred April 3, 1995.
Resubmitted May 16, 1995.
Decided Aug. 22, 1995.
 
 1
 Before: D.W. NELSON and CANBY, Circuit Judges; TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 Richard Werren Sr., the debtor in the underlying action, filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 7, 1992.[1] On June 12, 1992, Appellants filed a related state court action in Orange County Superior Court.[2] On June 19, 1992, Defendants/Appellees removed the state action to the Bankruptcy Court. The matter was transferred to the United States District Court on July 2, 1992 on the debtor's request for Withdrawal of Reference. The district court denied the motion, and the case was returned to the bankruptcy court. The bankruptcy court dismissed Appellants' state court action with prejudice on September 28, 1993.
 
 
 4
 Richard Werren, Sr., his solely owned business, Richard Werren Motors, Inc., and his ex-wife, Susanna Werren, a subordinated creditor, appeal the district court's order affirming the judgment of the bankruptcy court dismissing with prejudice Werren's adversary complaint against Royal Trustco, Ltd., et al., for failure to prosecute.[3] This case was withdrawn from submission on June 16, 1995, and resubmitted on May 17, 1995.
 
 I. JURISDICTION
 
 5
 Appellants argue that the bankruptcy court lacked jurisdiction over the Werrens' underlying adversary proceeding.[4]
 
 
 6
 We review de novo the district court's acceptance of jurisdiction, while examining its factual determinations for clear error. Maitland v. Mitchell (In re Harris Pine Mills), 44 F.3d 1431, 1434 (9th Cir.1995).
 
 
 7
 Bankruptcy judges have authority to "hear and determine all cases under Title 11 and all core proceedings arising under Title 11 or arising in a case under Title 11 ... and may enter appropriate orders and judgments ..." 28 U.S.C. Sec. 157(b)(1) (1988).
 
 
 8
 A. Claims "arising in" a case under Title 11
 
 
 9
 "Arising in" proceedings are those that are not based on any right expressly created by Title 11, but which nevertheless have no existence outside of the bankruptcy. In re Harris Pine Mills, id. at 1435.[5]
 
 
 10
 Appellants' complaint alleges, in part, that the Appellees conspired to submit a fraudulent appraisal to the bankruptcy court in order to obtain relief from the automatic stay imposed by section 362 of the Bankruptcy Code. Since this claim clearly has no existence outside of the underlying bankruptcy case which imposed the automatic stay, it "arises in" Title 11 of the code and is a core proceeding.
 
 
 11
 B. Claims "related to" a case under Title 11
 
 
 12
 The bankruptcy judge may also hear non-core matters that are otherwise "related to" a case under Title 11. 28 U.S.C. Sec. 157(c)(1). A proceeding is "related to" bankruptcy if the outcome could conceivably have any effect on the estate being administered in bankruptcy. 28 U.S.C.A. Sec. 1334(b); Fietz v. Great Western Savings (In Re Fietz), 852 F.2d 455, 457 (9th Cir.1988).
 
 
 13
 The fraud action challenges the propriety of the bankruptcy court's grant of relief from the automatic stay. Had the bankruptcy court denied Appellee's motion for relief, the assets of the debtor's estate would have been affected. Thus, Appellants' action is "related to" a case under Title 11. Under either theory, jurisdiction is conferred upon the bankruptcy court.
 
 C. Entry of final judgments and orders
 
 14
 In core matters, bankruptcy courts may enter final orders and judgments. 28 U.S.C. Sec. 157(b)(1). In non-core proceedings, final judgments and orders may not be entered without consent of the parties. In re Harris Pine Mills, 44 F.3d at 1436; 28 U.S.C. Sec. 157(c)(1).
 
 
 15
 This court has held that cases arising out of the liquidation of assets of a bankruptcy estate fall within the language of Sec. 157(b)(2)(O) and constitute core proceedings. In re Harris Pine Mills, 44 F.3d at 1437.
 
 
 16
 Appellants' post-petition action arises out of the bankruptcy court's grant of a motion for relief from the automatic stay and subsequent sale of the bankruptcy estate property. Thus, it is a core proceeding contemplated by Sec. 157(b)(2)(O).[6]
 
 
 17
 Even were this proceeding deemed non-core, Appellants have consented to jurisdiction. Appellants filed a Notice of Removal on June 18, 1992. The removal notice states that: "upon removal, the proceeding is core and in the event the proceeding is non-core, RTB and SCHILDKRAUT consent to entry of final orders or judgments by the bankruptcy judge." Appellants' Excerpts of Record 3. Furthermore, Appellants failed to file a statement objecting to bankruptcy court jurisdiction in the manner required by Bankruptcy Rule 9027(e)(3).[7] Appellants' claim that the bankruptcy court lacks jurisdiction to enter final judgment is without merit.
 
 II. DISMISSAL OF ACTION
 
 18
 Appellant argues that the trial court lacks the authority to dismiss an action sua sponte; Werren also argues that the court improperly relied on local Bankruptcy Rule 121 as a basis for dismissal. Appellants' argument is frivolous.
 
 A. Court's Authority
 
 19
 The inherent authority of a trial court to dismiss an action sua sponte for lack of prosecution was recognized in Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). That authority has been consistently upheld by this court. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).
 
 
 20
 Rule 41(b) of the Federal Rules of Civil Procedure expressly authorizes dismissal of an adversary proceeding if the plaintiff to the action fails to prosecute the case.[8]
 
 
 21
 The dismissal of a case for failure to comply with relevant local rules is sufficient grounds for dismissal for failure to prosecute under Rule 41(b). See Henderson, 779 F.2d at 1424.
 
 
 22
 Appellants consistently failed to prosecute their case or to comply with the local rules. During the 15 months following the filing of the state court action, Appellants never served a summons and complaint on any of the Appellees. At least four status conferences for the state action were held before Judge Ryan in the bankruptcy court. Prior to each conference, Appellants failed to contact Appellees in regard to preparation of a joint status report as required by Local Bankruptcy Rule 119, and failed to prepare and file a report under Local Bankruptcy Rule 121.
 
 B. Due Process
 
 23
 Appellants claim that a "fair and adequate reading" of Local Bankruptcy Rule 115(2) requires the bankruptcy court to hold a hearing upon notice prior to dismissal. Local Rule 115(2) provides: "[p]roceedings which have been pending for an unreasonable period of time without any action having been taken therein may be dismissed for want of prosecution upon notice and opportunity to request a hearing."
 
 
 24
 Clearly, the rule simply requires notice and an opportunity to request a hearing. Notice was given to Appellants in the form of repeated warnings at successive status conferences that their action would be dismissed if Appellees were not served with a summons and complaint. At no time did Appellants request a hearing.
 
 
 25
 The Supreme Court has recognized that an action may be dismissed for failure to prosecute without notice or an evidentiary hearing. Wabash R.R. Co., 370 U.S. at 632.[9] Due process is satisfied if a party has knowledge of the consequences of his or her own conduct. Id. In Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir.1984), this court held that sua sponte dismissal did not violate due process because plaintiff was afforded adequate prior notice that his delay in prosecuting the case would result in dismissal.
 
 
 26
 Here, Judge Ryan repeatedly warned Appellants that their failure to prosecute the state action with due diligence would result in dismissal of the action with prejudice. Appellants had ample warning that failure to serve the summons and complaint would result in dismissal. Judge Ryan's sua sponte dismissal of the state action was proper.
 
 C. Abuse of Discretion
 
 27
 Generally, a trial court's dismissal of an action for failure to prosecute will be reversed only upon a finding of clear abuse of discretion. Henderson, 779 F.2d at 1423. A finding of abuse of discretion requires "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached weighing the relevant factors." Anderson v. Air West, Inc., 542 F.2d 522, 524 (1976). Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992), quoting Malone v. United States, 833 F.2d 128, 130 (9th Cir.1987).
 
 
 28
 The relevant factors which a court may consider in determining whether to dismiss a case for lack of prosecution are: (1) the public's interest in expeditious resolution of litigation; (2) the trial court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson, 779 F.2d at 1423.
 
 
 29
 Appellants complain that the court did not make specific findings as to each factor. While it is preferred, it is not required that the district court make explicit findings to show that it considered the essential factors. Id. at 1424; Bonzelet, 963 F.2d at 1261. We may review the record independently to determine whether there has been an abuse of discretion. Id. The first two factors clearly support the court's decision to dismiss this case.
 
 
 30
 Appellants allowed 15 months to pass without even serving a summons and complaint. Appellees consumed valuable court time and resources preparing for status conferences which could have been devoted to other cases being litigated expeditiously. A trial court is in the best position to determine how its docket should be managed. Cvetkov, 739 F.2d at 496. While risk of prejudice to defendants is a factor, actual prejudice is not required. Appellees were put to the expense of incurring additional attorneys fees for each status conference at which Appellants failed to comply with the court's order to move forward with the case.
 
 
 31
 Although public policy favors decisions on the merits, Appellants' lost opportunity to have their case decided on the merits resulted from Appellants' own dilatory behavior.
 
 
 32
 Appellants' contention that the court failed to consider alternative measures is also meritless. The court is not required to exhaust every potential alternative to dismissal, but must consider possible and meaningful alternatives. Henderson, 779 F.2d at 1424.
 
 
 33
 A district court's warning to a party that his failure to prosecute his case will result in dismissal can satisfy the "consideration of alternatives" requirement. Bonzelet, 963 F.2d at 1262. The district court did not abuse its discretion in granting the Rule 41(b) dismissal for lack of prosecution, and we AFFIRM.
 
 III. SANCTIONS
 
 34
 Appellees seek an award of double costs as sanctions against Appellants for bringing a frivolous appeal.
 
 
 35
 This court has discretion to award damages and single or double costs as a sanction against bringing a frivolous appeal. Fed.R.App.P. 38; Wood v. McEwen, 644 F.2d 797, 802 (9th Cir.1981); McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981).
 
 
 36
 An appeal is considered frivolous when the result is obvious or appellant's arguments of error are wholly without merit. Id.
 
 
 37
 Appellants' argument that the trial court lacks the authority to dismiss an action sua sponte is clearly frivolous, as is the argument that a "fair and adequate reading" of Local Bankruptcy Rule 115(2) requires the bankruptcy court to hold a hearing upon notice prior to dismissal.[10]
 
 
 38
 As for Appellants' claim that the district court failed to make specific findings as to each factor to be considered in determining whether dismissal is appropriate, that issue was decided by Henderson v. Duncan, (see previous discussion, supra). We find this appeal to be frivolous and grant Appellees' motion for sanctions. Accordingly, we impose the sanction of double costs.
 
 
 39
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34.4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Debtor's Chapter 11 was converted to a Chapter 7 on March 8, 1993
 
 
 [2]
 The facts of the underlying state case are not relevant for purposes of this appeal
 
 
 [3]
 Gentra, Inc., as successor-in-interest to Royal Trustco, Limited, has been added as a named appellee
 
 
 [4]
 Appellants argue that the adversary proceeding is a non-core, related proceeding, and since the non-debtor Appellants never filed a proof of claim in bankruptcy, there was no consent to jurisdiction
 
 
 [5]
 Claims that arise under or in Title 11 are "core" proceedings, while claims that are related to Title 11 are "non-core" proceedings. In re Harris Pine Mills, 44 F.3d 1431 at 1435. If the proceeding does not involve a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy, it is an 'otherwise related' or non-core proceeding. Id
 
 
 [6]
 Subsection (b)(2)(O) includes "other proceedings affecting the liquidation of the assets of the estate ..." 28 U.S.C. Sec. 157(b)(2)(O)
 
 
 [7]
 The relevant portion of Bankruptcy Rule 9027(e)(3) states: "A statement required by this paragraph shall be signed pursuant to Rule 9011 and shall be filed not later than 10 days after the filing of the notice of removal." (emphasis added)
 
 
 [8]
 Rule 41(b) provides in relevant part:
 (b) Involuntary dismissal: Effect Thereof. For failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. F.R.Civ.P. 41(b).
 
 
 [9]
 In Henderson, supra, the court rejected the plaintiff's contention that his due process rights were violated because he was denied a hearing before his case was dismissed. Plaintiff did not, by motion or at anytime, request a hearing on his motion to vacate order of dismissal and motion to vacate judgment
 
 
 [10]
 See this court's discussion of due process, supra