76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Mary K. DAY, Debtor.
Mary K. DAY, Plaintiff-Appellant,
v.
HEMAR INSURANCE CORPORATION OF AMERICA; Hemar Service
Corporation of America; Higher Education Assistance
Foundation; Student & Loan Marketing of America (Sallie
Mae); California Student Aid Commission; University of San
Francisco; United States Secretary of Education; State Bar
of California; Candace Shirley; Richard Abbey; Belden,
Abbey, Weitzenber & Kelly; Gary Palm; Christine MacMurray;
Workload, Inc.; Margaret DeBrown; Pacific Telesis Group,
Inc.; Kenneth Day, Nancy Day, Layne Adams, Byron Adams, and
Henry Cano, as individuals and d/b/a a partnership; Ashley
Johnson; Regan Holding Corp., Inc.; Christina Martinovich;
and Does 1-1000, inclusive, Defendants-Appellees.
 No. 94-15814.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
 Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mary K. Day appeals pro se the district court's dismissal of her appeal of the bankruptcy court's judgment pursuant to Fed.R.Civ.P. 41(b). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review a dismissal under Fed.R.Civ.P. 41(b) for failure to prosecute for abuse of discretion. Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir.1994). "We require the district court to weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)). We do not require a district court to make specific findings as to each of these factors. Id. Where the district court has not made explicit findings, we conduct an independent review of the record "to determine whether the court abused its discretion." Id. (citations omitted).
 
 
 4
 Here, Day filed her appeal with the district court on July 2, 1993. The district court established a briefing schedule whereby Day's opening brief was due on September 7, 1993. On September 8, 1993, Day filed a motion for an extension of time to file her opening brief by November 6, 1993. Day never filed an opening brief. On February 18, 1994, the district court issued an order to show cause why Day's appeal should not be dismissed for failure to prosecute and warned Day that her appeal might be dismissed if she failed to respond to the order and failed to appear before the district court on March 24, 1994. Day neither appeared before the district court nor responded to the district court's order to show cause.
 
 
 5
 On appeal, Day argues that she was unable to respond to the order to show cause because she was involved in child-custody litigation in state court at the same time. In her motion requesting an extension to file an opening brief, filed six months earlier, Day mentioned the same child-custody litigation as a reason for granting the extension. Day provides no reason that this same litigation prevented her from responding in any way to the district court's order to show cause.
 
 
 6
 Given the deference we accord the district court on the first two factors, we conclude that they weigh in favor of dismissal of Day's appeal. See id. at 1451-52; Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). Because the district court provided Day with an opportunity to be heard before dismissing her appeal and gave her a warning that failure to appear on March 24, 1994, might result in the dismissal of her appeal, we conclude that the fifth factor weighs in favor of dismissal of Day's appeal. See Malone v. United States Postal Serv., 833 F.2d 128, 132 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). Even if the remaining two factors weighed against dismissal, we conclude that these three factors are sufficient to affirm the district court's dismissal of Day's appeal. See Ferdik, 963 F.2d at 1263.
 
 
 7
 Accordingly, the district court did not abuse its discretion by dismissing Day's appeal pursuant to Fed.R.Civ.P. 41(b). See id. at 1261-63.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Day's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3