Alan F. Blakley, Esq., Alan F. Blakley, P.C., Missoula, MT, for Plaintiff–Appellant.

Allan H. Baris, Esq., Moore, O'Connell, Refling & Moon, Bozeman, MT, for Defendant–Appellee.

Before D.W. NELSON, KOZINSKI and MCKEOWN, Circuit Judges.

MEMORANDUM **

1. As of January 11, 1997, the facts underlying Harkin's malpractice claim had all occurred, and Harkin had "discover[ed] or through the use of reasonable diligence should have discovered" those facts. Mt. Code Ann. § 27–2–206. Thus, the claim accrued and the statute of limitations began to run on that date, and, unless tolled, the statute expired on January 11, 2000. *See Spolar v. Datsopoulos,* 314 Mont. 364, 367–69, 66 P.3d 284 (2003).

Harkin's claim is time-barred for two reasons. First, the tolling agreements entered into by Harkin and Best extended the statute of limitations until February 1, 2001. When Harkin filed suit, however, the malpractice claim was property of his bankruptcy estate. *See In re Pace,* 67 F.3d 187, 191 n. 7 (9th Cir.1995). Harkin thus had no authority to prosecute the claim until the bankruptcy trustee assigned it to him on December 28, 2001– nearly eleven months after the expiration of the statute as extended by the tolling agreements. Second, the effects of the tolling agreements were specifically limited to Harkin and Best and did not benefit the bankruptcy estate. Harkin was thus assigned an already expired claim.

2. In light of the need for debtors entering bankruptcy to fully disclose all assets, the district court didn't abuse its discretion by finding Harkin judicially estopped from bringing his claim. *See Hamilton v. State Farm Fire & Casualty Co.,* 270 F.3d 778, 785 (9th Cir.2001). The district court also didn't abuse its discretion by refusing to apply the unclean hands doctrine or equitable estoppel, as Harkin failed to produce evidence that Best prevented Harkin from learning of his alleged negligence. *Schneider v. Leaphart,* 228 Mont. 483, 488–89, 743 P.2d 613 (1987).

3. The district court did not err by awarding Best attorney's fees and costs under 11 U.S.C. § 362(h). *See Pace,* 67 F.3d at 192–93.

AFFIRMED.

**Sylvia JACKSON, Plaintiff—Appellant,**

v.

**WILSHIRE NURSING AND REHABILITATION HOSPITAL; Compass Health, Inc., Defendants—Appellees.**

No. 01–56509.

D.C. No. CV–00–03842–GAF.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Oct. 10, 2003.*

Decided Oct. 15, 2003.

Nicholas Wagner, Wagner & Jones, Fresno, CA, for Plaintiff–Appellant.

Bren K. Thomas, Littler Mendelson, P.C., Fresno, CA, for Defendants–Appellees.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Sylvia Jackson appeals the district court's judgment and order of dismissal for failure to prosecute. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a dismissal for failure to prosecute, *see Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986), and we affirm. Because the parties are familiar with the facts, we recite them only as necessary for this decision.

We require district courts to weigh five factors in deciding whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the district court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring the disposition of cases on the merits; and (5) the availability of less drastic sanctions. *Moneymaker v. CoBen (In re Eisen),* 31 F.3d 1447, 1451 (9th Cir.1994) (citations omitted). Where, as here, the district court does not make explicit findings on these factors, we review the record independently to determine whether the district court abused its discretion. *Id.* (citations omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir.2002) (quotation omitted). With respect to docket management, the district court is in the best position to determine whether delay in a particular case interferes with docket management. *Moneymaker,* 31 F.3d at 1452; *Pagtalunan,* 291 F.3d at 642. Here, counsel's dilatory conduct forced the district court

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to: (i) issue numerous orders and notices concerning counsel's failure to file a satisfactory pretrial conference order, (ii) impose monetary sanctions, (iii) vacate a trial date on the eve of trial, and (iv) wait months for a satisfactory pretrial conference order that never arrived. The district court could have reasonably concluded that the delay occasioned by counsel's conduct interfered with docket management.

"Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir.1987) (citation omitted). We find that Plaintiff's excuse for the default is insufficient to satisfy her initial burden of proof on the issue of prejudice. *See Moneymaker*, 31 F.3d at 1453.

The public policy favoring disposition of cases on the merits weighs against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998). The final factor—the availability of less drastic sanctions—weighs in favor of dismissal. Although the district court did not explicitly discuss the feasibility of less drastic sanctions, it previously imposed alternative sanctions against Jackson without apparent effect, and it warned her of the possibility of dismissal before it dismissed the lawsuit. *See Malone*, 833 F.2d at 132.

On our independent review of the record, we conclude that four of the relevant factors weigh in favor of dismissal, while one weighs against dismissal. Under these circumstances, we cannot say that district court abused its discretion in dismissing this case. *Accord, Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir.1999); *Pagtalunan*, 291 F.3d at 643.

Jackson argues that dismissal was improper because the Order to Show Cause ("OSC") did not give her attorney a "fair and explicit" warning of the court's concern that a jointly-signed pretrial conference order had not been lodged. We disagree. Jackson's attorney had ample notice of the deficiency for almost three months preceding the issuance of the OSC, yet he did little or nothing to cure it. His client was sanctioned $250 for failing to file a pretrial conference order. He was explicitly directed to meet and confer with Defendant's counsel to prepare such an order. He received yet another notice from the court rejecting a pretrial conference order that was not signed by Defendant's counsel. A cursory review of his client's file would have alerted counsel to the fact that his failure to lodge a jointly-signed pretrial conference order was the source of the court's ire.

Jackson also argues that the district court abused its discretion when it dismissed this case eleven days before the deadline set forth in the OSC. This argument also lacks merit. The OSC explicitly stated it would "stand submitted upon the filing of plaintiff's response." Plaintiff's response was sent to the court on July 6, 2001. Under the express terms of the OSC, the matter was submitted as of that date or shortly thereafter. Accordingly, the district court did not abuse its discretion in dismissing the lawsuit on July 19, 2001.

Finally, Jackson argues that dismissal of her case unfairly punishes her for the dilatory conduct of her attorney. This argument is unavailing. *See Link v. Wabash Railroad*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Henderson*, 779 F.2d at 1424 n. 1; *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir.1988).

AFFIRMED.