David J. ROMERO, husband; et al., Plaintiffs—Appellants,

v.

Dale N. EVANS, husband; et al., Defendants—Appellees.

No. 04–15892.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2006.*

Decided April 7, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Kenneth P. Bemis, Esq., Phoenix, AZ, for Plaintiffs–Appellants.

Dale N. Evans, Mesa, AZ, pro se.

Kelli A. Evans, Mesa, AZ, pro se.

James Harrison, Esq., Richard L. Green, Esq., Van O'Steen & Partners, Phoenix, AZ, for Defendants–Appellees.

Before: REINHARDT, PAEZ, and TALLMAN, Circuit Judges.

MEMORANDUM **

David and Roberta Romero (the Romeros) appeal the district court's order of dismissal. The Romeros, who were proceeding *pro se*, did not respond to Defendant Western Security Bank's (Western) motion to dismiss for lack of jurisdiction for over nine months. In accordance with a local court rule that permits the district court to construe a party's failure to respond to a motion as consent to the granting of the motion, the district court dismissed the claims against Western without prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

Failure to comply with a district court's local rules is a proper ground for dismissal. *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir.1995). However, before dismissing a case for failure to comply with a local rule, the district court must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to

manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Id.* (citing dismissal factors that *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986), applied to dismissal under Federal Rule of Civil Procedure 41(b) for lack of prosecution).

Here, the district court's dismissal order does not reflect that it considered the *Henderson* dismissal factors in determining that dismissal was warranted. Under our case law, however, the district court was not required to make specific findings to support its decision to dismiss the action against Western. *Henderson,* 779 F.2d at 1424. In this circumstance, we review the record independently to determine whether the court abused its discretion. *Id.; Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992).

The dismissal factors did not warrant dismissal of the Romeros' action. The prejudice against Western caused by the Romeros' delay was minimal, as was the burden on the court. Most significantly, the district court did not consider or implement any less drastic alternative sanctions prior to dismissing the action against Western and failed to warn the Romeros that they needed to respond to the motion to dismiss in order to avoid application of the local rule permitting summary dismissal. *See Malone v. United States Postal Service,* 833 F.2d 128, 132 (9th Cir.1987) (indicating "preference for explicit discussion by the district court of the feasibility of alternatives when ordering dismissal"); *Hamilton v. Neptune Orient Lines, Ltd.,* 811 F.2d 498, 500 (9th Cir.1987) (obligating district court "to warn the plaintiff that dismissal is imminent" in order for dismissal to be proper exercise of discretion); *Ferdik,* 963 F.2d at 1261 (noting that fail-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

ure to give notice to *pro se* litigant of complaint's deficiencies before outright dismissal may be abuse of discretion).

Although it is "[o]nly in rare cases [that we will] question the exercise of discretion in connection with the application of local rules," *United States v. Warren,* 601 F.2d 471, 474 (9th Cir.1979), this court's "review of a dismissal for lack of prosecution necessarily depends on the facts of each case." *Henderson,* 779 F.2d at 1424. Here, where there was little showing of burden on the court or prejudice to Western, and no showing that the court considered alternatives prior to granting dismissal, the district court abused its discretion in dismissing the Romeros' action against Western. Accordingly, we reverse the district court's order granting Western's motion to dismiss and remand to the district court for further proceedings.

REVERSED and REMANDED.