**D. KENDRICK, Plaintiff–Appellant,**

**v.**

**Le Roy BACA; et al., Defendants,**

**and**

**Michael T. Costleigh, LASD Detective # 173151, Defendant–Appellee.**

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

**D. Kendrick, Plaintiff–Appellant,**

**v.**

**Le Roy Baca; et al., Defendants–Appellees,**

**and**

**Bassey; et al., Defendants.**

Nos. 05–56703, 05–56706.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Dec. 20, 2007.

Stephen Yagman, Esq., Yagman & Yagman & Reichmann, Venice Beach, CA, for Plaintiff–Appellant.

Steven D. Blades, Esq., Manning & Marder Kass Ellrod Ramirez LLP, Los Angeles, CA, for Defendant/Defendants–Appellees.

Sylvia Havens, Esq., Manning & Marder Kass Ellrod Ramirez LLP, Los Angeles, CA, for Defendant–Appellee.

Before: FARRIS and PAEZ, Circuit Judges, and BLOCK *, District Judge.

## MEMORANDUM **

Plaintiffs Dena and Aerick Kendrick appeal the district court's dismissal of their consolidated 42 U.S.C. § 1983 actions pursuant to Federal Rule of Civil Procedure 41(b) for their refusal to comply with the court's order to submit proposed jury in-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

structions prior to trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We review for abuse of discretion a district court's decision to dismiss an action pursuant to Rule 41(b). *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir. 1992).

The Kendricks argue that the district court's decision to sanction their refusal to submit proposed jury instructions by dismissing their cases was an abuse of discretion. They argue that the plain text of Federal Rule of Civil Procedure 51(a) gives parties the option of providing proposed jury instructions at the close of evidence but does not require them to do so. Therefore, the district court's order directing the pretrial submission of jury instructions was contrary to the permissive nature of Rule 51(a). We disagree.

By providing that a party may submit jury instructions "at the close of the evidence or at an earlier reasonable time that the court directs," Rule 51(a) authorizes a district court to require parties who wish to submit proposed jury instructions to abide by the court's scheduling order. *See also* Fed.R.Civ.P. 16(c)(2) (authorizing district court to enter scheduling orders on "such other matters as may facilitate "the just, speedy, and inexpensive disposition of the action"). We need not decide whether Rule 51(a) forbids a district court from requiring an unwilling party to submit jury instructions because here counsel repeatedly expressed his intent to do so.

The Kendricks also argue that, in dismissing their actions pursuant to Rule 41(b), the district court abused its discretion by failing to consider the factors laid out by this court in *Henderson v. Duncan,* 779 F.2d 1421 (9th Cir.1986). Again, we disagree.

First, the order of dismissal reflects the district court's careful consideration of whether the five *Henderson* factors weighed for or against dismissal. Second, the district court offered the Kendricks a choice between lesser sanctions and dismissal. When faced with this choice, counsel for the Kendricks requested dismissal, with prejudice, so he could appeal the court's interpretation of Rule 51(a). Without expressing any opinion as to whether dismissal is always an appropriate sanction for failure to submit jury instructions according to a court-ordered schedule, we cannot say that the district court abused its discretion in these cases.

Because we conclude that the district court did not abuse its discretion, we need not address the Kendricks' request that, upon remand, the case be assigned to a new district judge. That issue is moot.

**AFFIRMED.**