**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THURMAN GAINES,<br><br>　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>HOROWITZ, Doctor, MCSP,<br><br>　　　　　　Defendant-Appellee. | No.　18-15713<br><br>D.C. No. 1:15-cv-00587-LJO-SAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted November 27, 2018[**]

Before:　CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

California state prisoner Thurman Gaines appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal as a sanction for failure

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to comply with discovery obligations. *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987). We vacate and remand.

Gaines failed to comply with a court order compelling responses to interrogatories and requests for production on the issue of administrative exhaustion, and defendant twice moved for terminating sanctions. In opposition to defendant's second motion for sanctions, Gaines provided further supplemental responses, which defendant stated were adequate. The magistrate judge recommended denying defendant's second motion for terminating sanctions but imposing an evidentiary sanction "prohibit[ing] [Gaines] from supporting his case or opposing Defendant's defenses with any evidence not disclosed in response to Defendant's exhaustion interrogatories or requests for production of documents." The district court instead granted terminating sanctions on the ground that "[i]t would not be possible at trial to exclude all of the issues not responded to in discovery, and for [Gaines] to still have a case to present."

It is unclear from the district court's order what evidence the district court intended to exclude and how the exclusion would preclude Gaines from presenting the merits of his medical deliberate indifference claim. Moreover, it is not clear whether an evidentiary sanction is warranted given that Gaines eventually complied with his discovery obligations to defendant's satisfaction. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (dismissal with

prejudice is a harsh sanction that should be employed only in "extreme circumstances"). We vacate and remand for further proceedings.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**