NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHARAE MAYES, Plaintiff-Appellant, v. SMART AND FINAL, INC., a corporation; DAVID G. HIRZ, President and CEO; DAVE DUTTON; ALFREDO OROZCO; ROBERT MEAGHER; TRACY POGUE; ALL MANAGEMENT STAFF OF SMART AND FINAL, INC., Defendants-Appellees. | No. 17-16564 D.C. No. 2:17-cv-01136-JAD-VCF MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted December 20, 2018
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and MÁRQUEZ,[**] District Judge.

Sharae Mayes appeals the district court's dismissal of her complaint against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

her employer, Smart & Final, LLC, and five of its employees. Mayes brought claims under 42 U.S.C. §§ 1983 and 1985, as well as Title VII of the Civil Rights Act of 1964, alleging that she was retaliated against for reporting Smart & Final's failure to remove expired and defective products from its shelves. In accordance with a local rule, the district court construed Mayes's failure to file a response in opposition to Smart & Final's motion to dismiss as a consent to the granting of the motion.[1] Mayes also appeals the district court's denial of her motion to reconsider the dismissal. We review the district court's orders for an abuse of discretion. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). We affirm.

1.      Under the District of Nevada's local rules, "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." D. Nev. Civ. R. 7-2(d). Because the rule "afford[s] discretion in its application despite its mandatory language," *United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979), and because "[d]ismissal is a harsh penalty and is to be imposed only in extreme

---

[1] Although Mayes did not designate the dismissal order in her notice of appeal, that order is the proper subject of this appeal. It is apparent from Mayes's arguments that she intended to appeal that order, and Smart & Final had a full and fair opportunity to address those arguments. *See Meehan v. County of Los Angeles*, 856 F.2d 102, 105 (9th Cir. 1988).

circumstances," *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986), a district court must consider several factors before dismissing a case in accordance with this rule: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions," *Ghazali*, 46 F.3d at 53 (quoting *Henderson*, 779 F.2d at 1423). Where, as here, the district court does not expressly consider these factors, we conduct an independent review of the record to determine whether the district court abused its discretion. *Id.* at 53–54. Here, at least three factors favor dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, this fairly simple case has failed to progress past the pleading stage after five months, and the merits of the alleged claim were dubious at best. The California district court had already advised Mayes that her § 1983 and § 1985 claims could not succeed, as no state action or cognizable right was alleged. *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 371–72, 378 (1979). No attempt was ever made to amend the complaint. Likewise, the Title VII claims could not succeed unless Mayes exhausted her administrative remedies with the Equal Employment Opportunity Commission or the appropriate state agency, and nothing

3

in the record suggests that Mayes had done so. *See* 42 U.S.C. § 2000e-5(b).[2] As dismissal on the merits appeared inevitable, there is in this case a particularly strong interest in expeditious disposition.

Second, the district court's need for management of its docket favors dismissal. Mayes's attorney, Charles Kilgore, had already failed to respond to an earlier motion to dismiss, stating that "it slipped his mind" to file an opposition. And, as the district court recognized, Kilgore repeatedly failed to comply with other local rules as well. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management . . . .").

Third, as to prejudice to the defendant, Mayes was previously able to move for injunctive relief in the same court without issue, and, at the time of the deadline, had local counsel available. "[T]he risk of prejudice to the defendant is related to the plaintiff's reason for defaulting . . . ." *Yourish*, 191 F.3d at 991. Kilgore's proffered reasons for his failure to respond—his paralegal's inability to file an extension request in person and confusion regarding the *pro hac vice* process, among others—are without merit.

---

[2] After argument, Kilgore moved to supplement the record with documents purporting to establish that Mayes exhausted her administrative remedies. We deny the motion. We note that those documents show that, in fact, Mayes did not exhaust her administrative remedies. *See Lyons v. England*, 307 F.3d 1092, 1103–04 (9th Cir. 2002).

Under these circumstances, the district court did not abuse its discretion in dismissing Mayes's action in accordance with its local rules.

2.      The district court did not err in denying Mayes's motion for reconsideration. To obtain relief from judgment, Mayes was required to demonstrate "mistake, inadvertence, surprise, or excusable neglect," fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

First, although Kilgore pointed to his difficulties in complying with the *pro hac vice* requirements as a reason he failed to file a timely opposition, the applicable requirements were spelled out in the district court's local rules. *See* D. Nev. R. 11-1, 11-2. Second, Kilgore submitted a declaration from a paralegal stating that a response and extension request were mailed to the district court after the in-person filing was rejected, but no such filings were ever received. Third, the paralegal's declaration suggested there was a completed opposition to the motion to dismiss, but two weeks after the deadline has passed, Kilgore indicated that he still needed time to draft and file an opposition.

"As a general rule, parties are bound by the actions of their lawyers." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). In light of these defects in the justifications proffered, the district court did not abuse its discretion in denying the motion for reconsideration.

**AFFIRMED.**

5