NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHELLE S. BLACKWELL, | No. 19-55994 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02307-R-PLA |
| v. | |
| WELLS FARGO BANK, N.A., on behalf of Morgan Stanley abs Capital 1, Inc. Trust 2005-WMC6, Mortgage Pass-Through Certificates, Series 2005-WMC6; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted January 20, 2021[**]

Before: McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Michelle S. Blackwell appeals pro se from the district court's orders

dismissing Blackwell's action alleging federal and state law claims arising out of

foreclosure proceedings and declaring Blackwell a vexatious litigant. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo the existence of subject matter jurisdiction. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We review for an abuse of discretion the district court's dismissal of the action for failure to comply with local rules. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). We affirm.

The district court properly assumed subject matter jurisdiction over Blackwell's action because Blackwell alleged a claim under the Fair Debt Collection Practices Act and therefore the district court had federal question jurisdiction. *See* 28 U.S.C. § 1331; *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (to establish jurisdiction under § 1331, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing Blackwell's action after Blackwell failed to file an opposition to defendants' motion to dismiss. *See* C.D. Cal. L.R. 7-12 (providing that "failure to file any required document…" may be deemed consent to the granting or denial of the motion); *Henderson*, 779 F.2d at 1423.

The district court did not abuse its discretion by striking Blackwell's first amended complaint because Blackwell did not file it within 21 days of defendants' filing a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1)(B); *Preminger v. Peake*,

552 F.3d 757, 769 n.11 (9th Cir. 2008) (setting forth the standard of review for a district court's decision concerning its management of litigation). The district court did not abuse its discretion by denying Blackwell's subsequent motion for leave to file the amended complaint because any amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

The district court did not abuse its discretion by denying Blackwell's motion to reconsider the district court's orders granting defendants' motion to dismiss, declaring Blackwell a vexatious litigant, and denying leave to amend because Blackwell failed to demonstrate that she was entitled to relief. *See* Fed. R. Civ. P. 60(b); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth elements for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**