NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM J. DRAYTON, PKA Flavor Flav, an individual, | No. 19-55765 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-06408-VAP-PJW |
| v. | |
| GARY RINALDO, an individual, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| BTN EASTLINK; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted March 16, 2022**
San Francisco, California

Before:  W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

Plaintiff-Appellant William J. Drayton, known professionally as rap artist

"Flavor Flav," appeals from the district court's dismissal of his claims against

Defendant-Appellee Gary Rinaldo for, *inter alia*, breach of contract and copyright

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

infringement.  The district court dismissed the suit for failure to prosecute after Drayton failed to timely file the required pretrial documents before the scheduled final pretrial conference.  We affirm.

## I

After a default had been entered against one defendant and the other defendants had been dismissed, only Drayton's claims against Rinaldo remained.  The trial on these claims was set for April 23, 2019, and the pretrial conference was set for April 15.  Pursuant to the district court's local rules, the parties were required to meet by March 6 to prepare for the pretrial conference.  *See* C.D. CAL. L. CIV. R. 16-2.  Thereafter, they were required to file a number of documents by March 25, including a "Memorandum of Contentions of Fact and Law," a witness list, and a joint exhibit list.  *See* C.D. CAL. L. CIV. R. 16-4, 16-5, 16-6.1.  By April 4, Drayton was required to file a proposed pretrial conference order signed by both sides.  *See* C.D. CAL. L. CIV. R. 16-7.1.  None of these documents were filed on time.  Instead—even though the deadline to amend the complaint or add new parties had passed more than 10 months earlier—Drayton on March 25 filed an unopposed motion (1) to amend the complaint to add a new defendant and (2) to reset the trial schedule.  On April 18, the district court issued an order denying that motion, concluding that Drayton had failed to show good cause for such a late request to amend the complaint.  Because, in the meantime, Drayton had failed to

2

comply with the established pretrial schedule, the district court issued an order to show cause why the action should not be dismissed for failure to prosecute.

Three days before the district court issued this order, Drayton filed a request for leave to file a belated memorandum of contentions of law and fact, but the court struck the document for failure to comply with the technical requirements of the applicable local rules and standing orders. On April 26, 2019, Drayton's counsel filed a response to the court's order to show cause, in which he explained that he had not submitted the required pretrial documents because he had been busy preparing for two other trials set for April 2019 (which settled) and because he had expected the case against Rinaldo to settle. Drayton's counsel stated that he would be "prepared for trial as soon as the Court desires," but he also requested that the district court reset the pretrial conference and give Drayton "no more than three (3) weeks to better prepare for trial and/or reach a settlement with [Rinaldo]."

One month later, the district court dismissed the action, concluding that the balance of the relevant factors favored dismissal. Drayton timely appealed, and we have jurisdiction under 28 U.S.C. § 1291.

**II**

In deciding whether to dismiss a case for failure to prosecute, a district court must consider five factors:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket; (3) the risk of

> prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (citation omitted). We review the district court's weighing of these factors for abuse of discretion. *Id*. at 1260. As the district court correctly noted, the fourth factor—the policy in favor of disposing of cases on their merits—always weighs against dismissal. But the district court held that the other four factors favored dismissal and outweighed the interest in deciding this case on the merits. We conclude that there was no abuse of discretion in this conclusion.

The first two factors raise related concerns about the effective administration of justice and are usually examined together. *In re PPA Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (en banc). In considering them, we give deference to the district court's underlying judgment as to when delays may cause its docket to become "unmanageable." *Id*. (citation omitted). Here, the district court explained that Drayton's expectation that the case would settle did not warrant disregarding the pretrial deadlines and that Drayton's failure to file the pretrial papers on time both hindered the expeditious resolution of cases and made it "impossible for the Court to manage its docket." Moreover, as Drayton acknowledged below, the Central District of California is "burdened with heavy civil and criminal caseloads," which underscores the importance of effective

4

docket management. The district court did not abuse its discretion in concluding that these factors weighed in favor of dismissal.

The third factor—potential prejudice to the defendant—examines "whether the plaintiff's actions impair[ed] the defendant's ability to go to trial or threaten[ed] to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). The district court found prejudice because the lack of pretrial papers meant that Rinaldo "could not have known what theories [Drayton] was going to assert to succeed on his claims and what evidence he intended to adduce at trial." In arguing that there was no prejudice, Drayton points to two emails in the record that he says show that he "was attempting to get input from [Rinaldo's] counsel on the pretrial filings." The emails, however, were dated April 15 and 16, which was long after the documents were due. The district court's "finding of prejudice deserves substantial deference," *PPA Prods.*, 460 F.3d at 1228 (simplified), and Drayton has failed to identify sufficient grounds to set it aside.

The fifth factor, the availability of less drastic alternatives, requires courts to "explore possible and meaningful alternatives" to dismissal. *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). The district court concluded that "less drastic sanctions would be ineffective" because the court had previously employed lesser sanctions in response to earlier failures by Drayton to comply with

court orders and rules, including his inadequate damages disclosures and his failure to attend a hearing on a defense summary judgment motion. And as the district court noted, the local rules and the relevant caselaw were both "unambiguous" that failure to file pretrial documents could result in dismissal. Moreover, even in response to the order to show cause, Drayton was still asking for additional time to prepare his pretrial documents. The district court properly concluded that this factor favored dismissal.

Taking the various factors together, we hold that the district court did not abuse its discretion when it dismissed this case.

**AFFIRMED.**