NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ULIVARDO AVALOS,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.     21-55656

D.C. No. 2:20-cv-06602-SHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Shashi H. Kewalramani, Magistrate Judge, Presiding

Submitted June 7, 2022[**]
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

Plaintiff-Appellant Ulivardo Avalos appeals from a district court decision

dismissing his complaint "for failure to prosecute or to comply with court orders"

under Federal Rule of Civil Procedure ("FRCP") 41(b).  We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm the district court's decision.

We review a district court's decision to dismiss a case under FRCP 41(b) for abuse of discretion. *See Lal v. California*, 610 F.3d 518, 523 (9th Cir. 2010). "Abuse-of-discretion review is highly deferential to the district court." *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881 (9th Cir. 2012). We reverse a district court's decision "only when [we are] convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000).

In determining whether to dismiss a complaint under FRCP 41(b), courts must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The district court considered each factor and determined that dismissal without prejudice was appropriate.

As to the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). As to the second factor, the delays by Avalos's attorney—totaling more than two months at the time of dismissal—significantly hampered resolution of the case and imposed on the district court's need to manage its docket.

2

And while Avalos is correct that "Ms. Leidner requested one single extension," she effectively granted herself a first extension of more than seven weeks by missing the district court's initial deadline. Moreover, the district court is "best situated to decide when delay in a particular case interferes with docket management and the public interest." *Id.* (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)). The second factor also favors dismissal.

As to the third factor, "[u]nreasonable delay creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). "In this area we give deference to the district court because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Id.* Nothing in the record demands a conclusion contrary to that of the district court. The fact that appellate counsel "was in the process of entering her appearance and taking over this case" when it was dismissed is irrelevant as no one notified the district court, and she only entered an appearance sixteen days after the case was dismissed. The third factor favors dismissal.

The fourth factor—the availability of lesser sanctions—typically cuts against dismissal. But here, the district court warned Avalos at least twice that failure to comply with its deadlines would result in sanctions, including dismissal. First, the parties were warned in the district court's Case Management Order that if Avalos failed to provide his portion of the joint submission "in a timely manner," the district

3

court would "consider a full range of remedial actions for violative conduct," which presumably included dismissal. Then, after missing the initial deadline, the district court granted Avalos an extension but warned that "no further extensions of time will be granted in this matter" and "failure to timely" comply with the schedule would "result in dismissal of this action with or without prejudice." In short, Avalos was "provid[ed] … with a second … chance following a procedural default," but then "further default[ed]," so dismissal was justified. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation omitted). Moreover, the district court stopped short of imposing "the ultimate sanction of dismissal with prejudice" in response to these failures, *id.* (citation omitted), instead imposing the lesser sanction of dismissal without prejudice. The district court was not required to pursue an even lesser sanction. At best, the fourth factor only mildly favors Avalos and does not outweigh the other factors.

Finally, as to the fifth factor, "[a]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Not only did Avalos's attorney fail to meet numerous deadlines, but she also neglected to inform the district court that she would be unable to do so in advance; instead, that task fell to the government. Thus, even though the fifth factor generally favors disposition on the merits, it does so only slightly—if at

4

all—in this case.

Because most of the factors favor dismissal, and those that favor Avalos do so only slightly, the district court did not abuse its discretion in dismissing his complaint. *See Pagtalunan*, 291 F.3d at 643.

The district court is **AFFIRMED**.