NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ENGINEER.AI CORPORATION, a
Delaware corporation,

    Plaintiff - Appellant,

 v.

APPY PIE LLC, a Virginia
company; APPY PIE LLP, an India
company,

    Defendants - Appellees.

No. 24-109

D.C. No.
2:22-cv-05376-KK-JEM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, District Judge, Presiding

Submitted October 10, 2024**
San Francisco, California

Before: KOH and JOHNSTONE, Circuit Judges, and SIMON, District Judge.***

---

 \*   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 \*\*   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

 \*\*\*   The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

Engineer.ai appeals the district court's dismissal for failure to prosecute, and purports to appeal the preceding dismissal without prejudice under Rules 12(b)(6), (1), and (2), of its claims against Appy Pie, LLC, and Appy Pie, LLP, for trademark infringement, unfair competition and declaratory judgment.[1] We have jurisdiction over a dismissal for failure to prosecute under 28 U.S.C. § 1291, and review such a dismissal for abuse of discretion. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). We affirm.

1.      The district court did not abuse its discretion in dismissing Engineer.ai's case. District courts have authority pursuant to Rule 41(b) to dismiss a case for failure to prosecute or failure to comply with a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). We have recognized that the district court "is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986). Engineer.ai makes no meaningful argument as to how the district court's dismissal rose to an abuse of discretion under the facts of this case or the relevant factors, *see Ash v. Cvetkov,* 739 F.2d 493, 496 (9th Cir.1984), and therefore we need not address this issue. *See Wilcox v. Comm'r.*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) (issues not addressed by a party

---

[1] Engineer.ai's motion for leave to file multiple reply briefs (Docket Entry No. 40) is granted. The Clerk will file the reply brief submitted at Docket Entry No. 38.

are abandoned); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003) (we review only the issues specifically and distinctly argued in a party's opening brief).

2. Even if we did reach the issue, we would still find that the district court did not abuse its discretion in dismissing the case. A district court should weigh five factors in determining whether to dismiss a case under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423.

Where, as here, a court does not explicitly weigh the relevant factors, "we may 'review the record independently' to determine if the district court abused its discretion" in dismissing for failure to prosecute. *Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) (quoting *Ferdik*, 963 F.2d at 1261). We "may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

The first and second factors, the public's interest in expeditious resolution of litigation and the court's need to manage its docket generally weigh in favor of dismissal, and both do so here. *See Pagtalunan*, 291 F.3d at 642.

The third factor, the risk of prejudice to defendants, supports dismissal because Engineer.ai has not offered a reasonable explanation for its delays. *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) ("The law presumes injury from unreasonable delay."). Engineer.ai's assertion that it "could not" file a second amended complaint because "it lacked additional and sufficiently distinct factual allegations to generate and file a second amended complaint," is not a reasonable excuse, given that the district court had granted Engineer.ai leave to conduct discovery and to file a second amended complaint. Moreover, had Engineer.ai intended to stand on its first amended complaint, it should have clearly communicated to the court that it would not amend. Because Engineer.ai's delay was unreasonable, and Engineer.ai has not rebutted the presumption of prejudice, the third factor thus supports dismissal.

The fourth factor, the public policy favoring disposition of cases on the merits, generally weighs against dismissal, and does so here. *Yourish*, 191 F.3d at 992. The fifth factor, the availability of less drastic alternatives, supports dismissal because the district court warned Engineer.ai of dismissal and afforded Engineer.ai an opportunity to explain its failure to file a second amended complaint. *See*

4

*Ferdik*, 963 F.2d at 1262. Engineer.ai declined to explain its inaction and "[did] not object" to dismissal pursuant to Rule 41(b).

Because four of the factors support dismissal, the district court did not abuse its discretion in dismissing the case pursuant to Rule 41(b).

3.      Because we affirm the district court's dismissal for lack of prosecution, we lack jurisdiction over the prior interlocutory order dismissing certain claims without prejudice. *See Ash*, 739 F.2d at 497–98 (holding that interlocutory orders are not appealable after a dismissal for failure to prosecute regardless of "whether the failure to prosecute is purposeful or is a result of negligence or mistake.").

**AFFIRMED.**